**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Norris GOSS, Defendant-Appellant.**

**No. 73-1164.**

United States Court of Appeals,
Sixth Circuit.

Argued June 8, 1973.

Decided Aug. 31, 1973.

Thomas C. Simiele, Rocky River, Ohio (Court appointed), for defendant-appellant.

John P. Berena, Cleveland, Ohio, for plaintiff-appellee; Frederick M. Coleman, U. S. Atty., William D. Beyer, Asst. U. S. Atty., Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

O'SULLIVAN, Senior Circuit Judge.

We consider the appeal of Norris Goss from conviction, upon jury trial, of armed bank robbery in violation of 18 U.S. C. § 2113(a) and (d). The case was tried in the United States District Court for the Northern District of Ohio, Eastern Division. Assigned as error are:

*First,* that the District Judge did not make adequate findings to support his ruling that a confession of guilt by appellant had been voluntarily made, and

*Second,* that the District Judge failed to give a specific instruction submitting the issue of voluntariness of appellant's confession to the jury. This, appellant asserts, was commanded by 18 U.S.C. § 3501.

On June 27, 1972, a branch of the Cleveland Trust Company was robbed of some $4,000. The robbery was carried out by some five or six armed men. Two of the robbers jumped over a counter and gathered the money.

On July 8, 1972, appellant was arrested by the Cleveland police and on July 9 two FBI agents interviewed Goss and obtained from him a confession of his participation in the crime. Before this confession was admitted in evidence at the trial, a hearing out of the jury's presence was conducted by the District Judge to determine whether it had been given voluntarily.

FBI agents who had obtained the confession testified at the preliminary hearing. They stated that before their examination of Goss, he read and signed a

statement which gave him the so-called *Miranda* warnings and acknowledged that he had received them. He told of his participation in the robbery, at which time he had been armed with a 45-calibre pistol. He identified himself in a picture taken by a bank surveillance camera while the robbery was in progress. At trial, he was identified by a bank customer as one of the robbers. Sufficient to say, there was clear evidence of Goss' participation in the involved criminal enterprise, if his confession was properly admitted.

Appellant's charge that his confession had not been voluntarily given arises primarily from his statement that his mother had just died and that at the time of questioning by the agents, he was deeply grieved and possessed by a fear that his then detention might deny him the opportunity to attend his mother's wake and funeral. He said that he was told by the agents that they would try to obtain permission for him to do so. He did not claim, however, that success by the agents in this endeavor was a condition to his signing the confession. It was signed before the agents attempted, but failed to obtain such permission. He also said that his acknowledgment of being given the *Miranda* warnings had not been signed before he gave his confession. His motion to suppress asserted that these circumstances induced him to give the confession.

He did not repudiate the truth of the contents of his confession; neither did he testify at the trial. At the conclusion of the hearing on appellant's motion to suppress, the District Judge announced his ruling by the statement,

"The motion is overruled."

At trial, the voluntariness of appellant's confession was not put in issue. No effort was made to present to the jury evidence employed at the preliminary hearing to challenge its voluntariness. Out of the presence of the jury, defense counsel repeated the objection made by the original motion to suppress it. Thus, the voluntariness of the confession was not made an issue for the jury's resolution.

*I. Inadequacy of the District Court's Findings.*

■ The asserted vice of the District Court's disposition of the motion to suppress the confession resides in the charged inadequacy of his ruling: "The motion is overruled." In other contexts, such language might indeed be read as expressing a trial judge's conclusion that the evidence before him was sufficient to satisfy the prosecution's burden to establish the voluntariness of the confession. However, we believe that today's law exhibits its quite special anxiety that conviction of those accused of crime may not be based upon a confession unless the voluntariness of such confession be first established by procedures commanded by the United States Supreme Court. Whatever may have been accepted as sufficient prior to the Court's decision in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), nothing less than obedience to the rule of that case will now do. There the Court said:

"These procedures [determination of admissibility of a confession] must, therefore, be fully adequate to insure a reliable and clear-cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend." 378 U.S. at 391, 84 S.Ct. at 1788.

We think also that a more specific explication of the rule is furnished by Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967), wherein the Court said:

"Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record *with unmistakable clarity.* Here there has been absolutely no ruling on that issue and it is therefore impossible to know whether the judge

thought the confession voluntary . . . ." 385 U.S. at 544, 87 S.Ct. at 643 (Emphasis supplied.)

■ We are at once aware that the challenge to the voluntariness of the confession involved in *Sims* had much more substance to it than the one we deal with here. However, we are not at liberty to substitute our appraisal of the evidence taken on the motion to suppress and say on our own that it portrays "with unmistakable clarity" the voluntariness of appellant's confession.

■ We should observe further that we are not at liberty to employ the harmless error rule to sustain the District Court. Certainly if we could pass upon the voluntariness of Goss' confession and consider it with the other evidence before the jury, we would have little trouble in saying that, whatever the procedural errors, appellant's guilt was made out beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In considering harmless error in this case, we are limited to the trial evidence, exclusive of the confession. This evidence consisted of a customer of the bank, present at the time of the robbery, making a courtroom identification of appellant as one of the robbers. No one else present in the bank during the robbery identified appellant; the robbers were masked, but the customer said that appellant's mask, a stocking cap, had fallen off at the moment she saw him jumping over the counter. This witness, like everyone else present, had obeyed the robbers' command to lie, face down, on the bank floor. An FBI agent did produce at trial one of the pictures taken during the course of the robbery. He did not, however, identify it as a picture of defendant. Its relevancy and materiality arises only from the agent saying that Goss, at the time of the confession, identified the print as a picture of himself. The print was not exhibited to the jury for their evaluation of it as a picture of appellant.

■ We have, perhaps at needless length, set out the foregoing to explain our unwillingness to find that, without the confession, the evidence of appellant's guilt was overwhelming. Today's concern for the rights of those accused of crime dictates that quite special care be exercised in permitting the use of confessions as prosecutorial weapons. Jackson v. Denno, *supra,* and Sims v. Georgia, *supra,* enjoin upon us employment of such care in dealing with the case before us.

The case is remanded to the District Judge for a fresh review of the evidence adduced at the hearing on voluntariness, and an adequate expression from him as to whether or not the voluntariness of Goss' confession does appear from such evidence, "with unmistakable clarity." The District Judge shall, after such consideration and the making of the ordered finding, transmit it to this Court.

We will not now grant a new trial, but will await receipt of the findings which we hereby direct the District Judge to make.

We believe this procedure is consonant with the command of Jackson v. Denno, *supra,* 378 U.S. 368, 395, 84 S.Ct. 1774 (1964). See also the procedure directed by the Eighth Circuit in United States v. Keeble, 459 F.2d 757, 762 (1972), rev'd on other grounds, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (decided May 29, 1973.)

*II. Failure to submit issue of voluntariness to the jury.*

18 U.S.C. § 3501(a), provides in part: "If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

At the trial, the FBI agent related what had occurred at the time the con-

fession was signed by appellant. The agent was not cross-examined. Appellant's version of what was said and done, which had been relied upon in the motion to suppress, was never put before the jury. The only objection to the admission of the confession was defense counsel's statement, made out of the presence of the jury. He said:

"* * * we wish to continue our objection to testimony that we believe the agent will testify to, which is the statement made by the defendant to the agents.

"We base this on the same grounds as in the previous motion. * * *

"One additional statement: if the government continues to use this, refer to the statements made by the defendant while he was in custody without benefit of counsel, the defense wishes to lodge a continuing objection to this, and we will not stand up and object each individual time so as to tie up the Court."

The objection was overruled.

There was no effort made to get before the jury anything to put in issue the voluntariness of the confession. The witness who identified appellant as one of the robbers was not cross-examined. Defendant did not testify, and proofs were closed with defense counsel's statement that "[T]he defendant will not produce any witnesses or put on a defense." Thus, no issue as to the voluntariness of the confession was made. The relevant language of Section 3501(a) requires that the trial judge,

"[S]hall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

 There having been no challenge, *before the jury*, as to the confession's voluntariness, we do not consider that the trial judge was required to have the jurors consider an issue upon which there was no evidence before them. The defense proffered no request for an instruction relevant to voluntarinesss of the confession; neither, when invited to do so, did defense counsel criticize the Court's charge for not including such an instruction. The circumstances here do not urge us to find error in the trial judge's instructions.

The cause is remanded to the District Court for further proceedings as above ordered.