**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Wayne Gilbert MARVEL, Defendant-**
**Appellant.**

**No. 73-3293**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 26, 1974.

Rehearing Denied July 5, 1974.
See 496 F.2d 1170.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

**16**

Lester L. McIntyre, Mobile, Ala. (Court-appointed), for defendant-appellant.

Charles S. White-Spunner, U. S. Atty., Irwin W. Coleman, Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

Appellant was indicted for Dyer Act violations. Count One of the indictment charged interstate transportation of a stolen automobile in violation of 18 U.S.C.A. § 2312. Count Two alleged receiving and concealing the same vehicle in violation of 18 U.S.C.A. § 2313. Appellant was convicted on both counts by a jury. His appeal raises four issues.

■ (1) Appellant contends that the District Court erred in conducting an *in camera* hearing on the voluntariness of his confession after he had withdrawn his motion to suppress. He contends that withdrawal of his motion removed any issue of voluntariness from the case, rendering the district judge powerless under 18 U.S.C.A. § 3501(a) to hold an *in camera* hearing. Withdrawal of the motion did not *per se* eliminate the question. Although appellant was willing to stipulate that the statement was freely given after proper *Miranda* warnings, he claimed, at various times, to have been ill, to have felt the futility of convincing F.B.I. agents of his innocence, and to have been threatened by a city policeman with a greater sentence on state charges if the F.B.I. declined to pursue the case. Under the circumstances, the district judge did not abuse his discretion in holding an *in camera* hearing, even though this did result in the Government's learning something of appellant's planned defense at the suppression hearing.

■ (2) Appellant argues that the District Court committed plain error in failing to clearly instruct the jury as to the weight to be given to the confession as required by 18 U.S.C.A. § 3501(a). The statute, however, does not specify any particular wording to be used. The Court charged the jury on its responsibility to judge the credibility of witnesses and to weigh their testimony and the testimony of the defendant, who had taken the stand and had testified on the material in the confession. And the Court charged:

> You are likewise instructed that evidence of admissions on the part of the defendant, if any, ought to be received by you with caution.

Appellant did not object to these portions of the charge. Error, if any, is not plain. *See* United States v. Williams, 484 F.2d 176, 178 (8th Cir.), cert. denied, 414 U.S. 1070, 94 S.Ct. 581, 38 L. Ed.2d 475 (1973).

■ (3) Appellant contends his conviction and sentence for violation of both 18 U.S.C.A. §§ 2312 and 2313 constitute multiple punishment for a single act in violation of the constitutional ban on cruel and unusual punishment. This Circuit has already decided this issue against appellant. United States v. Stone, 411 F.2d 597 (5th Cir. 1969), Strother v. United States, 387 F.2d 385 (5th Cir. 1967), cert. denied, 391 U.S. 971, 88 S.Ct. 2038, 20 L.Ed.2d 886 (1968).

■ (4) Appellant alleges error in the District Court's failure to instruct the jury on the meaning of "concealing" in Count Two. The Court did charge that appellant could be convicted if the jury found that he "received," that he "concealed," or that he "received and

concealed." The Court defined "receiving." The jury sent a communication to the trial judge stating:

> Count two, we feel Mr. Marvel did receive but we have no evidence he concealed the automobile. Could we have a better explanation on this, please?

The Court then repeated the essence of its earlier instruction, but attempted to clarify its use of "conjunctive" and "disjunctive," fearing that these terms had confused the jury. Appellant did not request an instruction on "concealing" and did not object to either of the Court's oral charges. In the circumstances of this case, the District Court's failure to define "concealing" does not rise to the level of plain error.

Affirmed.