**UNITED STATES of America, Appellee,**

v.

**Benjamin Franklin SAULS, Appellant.**

**No. 75–1009.**

United States Court of Appeals, Fourth Circuit.

Argued April 11, 1975.

Decided July 23, 1975.

Certiorari Denied Dec. 8, 1975. See 96 S.Ct. 459.

Ronald Barbee, Greensboro, N. C. [court-appointed], (Frye, Johnson & Barbee, Greensboro, N. C., on brief) for appellant.

N. Carlton Tilley, Jr., U. S. Atty., for appellee.

Before ALDRICH, Senior Circuit Judge,* and BUTZNER and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge:

The defendant appeals from a conviction of kidnapping under § 1201, 18 U.S.C. We affirm.

The defendant, a North Carolina State prisoner, had been taken, along with an-

---

* Of the First Circuit, sitting by designation.

other prisoner, to a dentist's office in Danville, Virginia, for treatment. The defendant and his fellow prisoner were accompanied by two guards. While there, he attacked the guard detailed to guard him, overpowered him, took his gun and then, with the officer's handcuffs, handcuffed him to a water pipe in the building housing the dentist's office. Seen escaping by the other guard, he and that guard exchanged gunfire, in the course of which the guard was wounded. Rushing out of the building, the defendant ran toward a car in which three student nurses were riding, "flung open the door" of the car, jumped into the back seat, and ordered them to "drive or I will kill you." Frightened, the young ladies followed the defendant's directions and drove into North Carolina. A State highway patrolman was encountered and they were compelled to "speed up," escaping from the patrolman by turning off on a dirt road and then on a small "sidetract road." The defendant told the young ladies to stop the car. He got out and, after first threatening to lock them in the trunk of the car, heeded their appeal for release on their promise that they would not tell anyone about the incident. The nurses then drove the car away. A day and a half later, the defendant was apprehended in the area where he had released the hostages. After being advised of his "Miranda" rights, he confessed to the kidnapping, of which he was convicted.

## I.

The defendant, by his appeal, has raised two issues. The first relates to the admissibility of the identification testimony of the three nurses whom he abducted. All three positively identified the defendant as their abductor at trial. This testimony the defendant contends was impermissibly tainted. The basis for this claim was that at the commencement of the trial the defendant was introduced to the jury while the three identification witnesses were in the courtroom. There had been no request by the

defendant to sequester the witnesses. Even if such a casual incident could taint a subsequent identification, it would be unimportant in this case. The three nurses had been in the car with the defendant for some one hour and forty minutes, under the most frightening circumstances, during which every feature of the defendant must have been indelibly imprinted on their memory. This extended period of anxious confrontation with the defendant provided a valid independent source for the in-court identification of the defendant by the abductees. *Stanley v. Cox* (4th Cir. 1973) 486 F.2d 48, 53.

## II.

The defendant had made a confession to the officers. After a voir dire hearing, without the presence of the jury, the Trial Court found the confession voluntary and thereafter admitted the confession in evidence. It did not, however, in its charge, specifically instruct the jury that it should "give such weight to the confession as the jury feels it deserved under all the circumstances." It did give, however, a full charge on the right of the jury to judge the credibility of the witnesses and the weight to be given their testimony. The defendant did not request an instruction on the voluntariness of the confession nor did he object to the instructions as given. Despite this, he urges as his second ground on appeal, that the failure to instruct on the voluntariness of the confession was plain error and requires reversal.

18 U.S.C. § 3501(a) provides:

"In any criminal prosecution brought by the United States or by the District of Columbia, a confession, * * * shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge

shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

 The decisions are in conflict on the application of this provision. A number of authorities conclude that an instruction complying with this statutory mandate need not be in the exact language of the statute itself and that an instruction to the jury on its responsibility to judge the credibility of the witnesses is adequate, especially if the defendant does not object.[1] We, however, have held, even before the enactment of this statute, that "whether requested or not," the trial court should instruct the jury specifically "upon the law governing the use of a confession" and a failure so to do is clear error. *United States v. Inman* (4th Cir. 1965) 352 F.2d 954 at 956. But even in the authorities, holding as we have that it is plain error to fail to give such specific instruction, reversal will not follow if the failure may be deemed non-prejudicial and harmless.[2]

 We are convinced beyond any reasonable doubt that the error was harmless and non-prejudicial in this case. The defendant offered no defense; he made no attempt to dispute any of the testimony offered, either as to the events leading up to the abduction or as to any of the circumstances of the abduction. The Government's proof could well be described as overwhelming. The failure of the trial court under these circumstances to instruct the jury specifically on "an issue upon which there was no evidence before them" could not be regarded as prejudicial.[3] "Unable as we are to insolate any real chance that the error committed here substantially affected * * * [the defendant's] rights at trial, we must conclude," as did the Court in *Bernett*[4] "that the court's failure to instruct the jury as statutorily required was harmless."

*Affirmed.*

---

1. *See United States v. Marvel* (5th Cir. 1974) 493 F.2d 15, 16; *United States v. Williams* (8th Cir. 1973) 484 F.2d 176, 178, *cert. denied* 414 U.S. 1070, 94 S.Ct. 581, 38 L.Ed.2d 475; *United States v. Adams* (7th Cir. 1973) 484 F.2d 357, 362; *United States v. Panepinto* (3d Cir. 1970) 430 F.2d 613, 618, *cert. denied* 400 U.S. 949, 91 S.Ct. 258, 27 L.Ed.2d 256.

2. *United States v. Bernett* (1974) 161 U.S.App.D.C. ·363, 495 F.2d 943, 962–3.

3. *United States v. Goss* (6th Cir. 1973) 484 F.2d 434, 437–8.

4. 495 F.2d at 964.