UNITED STATES, Appellant,

v.

Regina WARD and Tyrone S. Ward, Appellees.

No. 80–1393.

District of Columbia Court of Appeals.

Argued Sept. 17, 1981.

Decided Dec. 2, 1981.

Susan R. Holmes, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry and Mary A. McLaughlin, Asst. U. S. Attys., were on the brief, for appellant.

Vincent A. Jankoski, Washington, D. C., appointed by the court, for appellee Regina Ward.

Robert H. Haas, Washington, D. C., appointed by the court, for appellee Tyrone S. Ward.

Before KERN, HARRIS * and BELSON, Associate Judges.

PER CURIAM:

Appellees were charged with possession of a prohibited weapon (a sawed-off shotgun), D.C.Code 1973, § 22–3214(a), obliteration of identifying marks on a pistol, *id.*, § 22–3212, and two counts of possession of an unregistered firearm.   D.C.Code 1977 Supp., §§ 6–1811(a), –1876.   The weapons had been seized from a bed in their apartment.   Appellees filed pretrial motions to suppress both the tangible evidence and certain statements which they had made.   The trial court denied the motions to suppress tangible evidence (which had been based on the frivolous contention that the officers' original entry into appellees' apartment had been unreasonable).   The trial court, however, granted the motions to suppress the statements on the ground that although an officer had warned appellees of their rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), appellees had not waived those rights.   Pursuant to D.C.Code 1981, § 23–104(a)(1), the United States appeals the granting of the motions to suppress the statements.   The government contends that the *Miranda* warnings, given by the officers in an abundance of caution, were unnecessary because appellees were not in custody when the statements were made.   Furthermore, the government claims that the statements were made voluntarily regardless of whether they were made in a custodial setting.   We conclude that the statements were made in a noncustodial setting and hence that *Miranda* warnings were not required.   We treat the two appellees differently, because Regina Ward, unlike her husband Tyrone Ward, contended before the trial court that her statement was involuntary.   We reverse the order of suppression and remand the case of Tyrone Ward for trial.   The case of Regina Ward is remanded for a determination of voluntariness in a non-*Miranda* context.

I

On July 12, 1980, the police arrived at appellees' apartment building to investigate a reported burglary of their apartment. The police promptly arrested the burglar and recovered the property that had been removed from the apartment while appellees were away.   A short while later, a neighbor reported to the officers that water was leaking from the burglarized apartment into his apartment below.   The police

---

* Associate Judge Harris did not participate in   the disposition of this appeal.

entered appellees' apartment through the window that the burglar had left open and located the source of the water (an overflowing bathtub). Inside the apartment, the officers saw on a bed a sawed-off shotgun, a .22 caliber automatic pistol, and a pellet gun, which they seized.

About one week later, one of the officers contacted appellee Tyrone Ward to discuss the burglary and the weapons which had been found in the apartment. At that time, appellees were suspected of being the owners of the weapons, but no decision had been made to arrest them. The officer met with Tyrone Ward at the apartment and explained that he was not under arrest. The officer, however, did advise Ward of his *Miranda* rights. Tyrone Ward stated that he understood his rights and was willing to speak with the officer. Ward told the officer that he was aware of the burglary but that he knew nothing about the shotgun.

The officer left, but returned later and again asked appellee Tyrone Ward about the shotgun. He also requested to speak with appellee Regina Ward about the weapons. Mr. Ward then stated that the shotgun did not belong to him, but that he would take the blame in order to keep his wife from getting into trouble.

The officer spoke with Regina Ward at the apartment a few days later. He explained that she was not under arrest but advised her of her *Miranda* rights. She stated that she had given the pellet gun to her son and that although the shotgun was not hers, she would take the blame to protect her husband.

The officer testified that he did not threaten Mr. Ward to get him to admit that he owned the guns. He denied having threatened to arrest Regina Ward to get Tyrone Ward to admit ownership of the guns. The officer testified that he told appellees that he would obtain either one or two arrest warrants, depending on who owned the weapons.

Neither appellee testified. At the close of the hearing, the trial court denied appellees' motions to suppress tangible evidence.

The trial court, however, granted the motions to suppress the statements on the ground that appellees had not waived their *Miranda* rights.

## II

■ In reviewing the trial court's decision to grant appellees' motions to suppress the statements, we must afford appellees all legitimate inferences from the record and accept the inferences drawn by the trial court as to the facts before it if they are supportable under any reasonable view of the evidence. *United States v. Covington*, D.C.App., 385 A.2d 164, 166 (1978). In doing so, however, we find insufficient evidence that appellees were in custody when the statements were made so as to have required *Miranda* warnings to be given in the first instance.

■ An individual is entitled to *Miranda* warnings prior to any custodial interrogation by the police. *Miranda v. Arizona, supra*, 384 U.S. at 444, 86 S.Ct. at 1612. Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* (Footnote omitted.)

■ Appellees argue that, because the investigation had focused on them as suspects, the officers were required to warn them of their *Miranda* rights and to procure their valid waiver of those rights prior to any interrogation. The police, however, need not give *Miranda* warnings every time a suspect is interviewed. The Supreme Court elaborated on the limited scope of *Miranda* requirements in a noncustodial setting in *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (per curiam). In *Mathiason*, the Court held that a suspect was not in custody when he voluntarily met with a police officer to discuss a burglary investigation. The Court stated:

Such a noncustodial situation is not converted to one in which *Miranda* applies simply because a reviewing court concludes that, even in the absence of any

formal arrest or restraint on freedom of movement, the questioning took place in a "coercive environment." Any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime. But police officers are not required to administer *Miranda* warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect. *Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him "in custody." It was *that* sort of coercive environment to which *Miranda* by its terms was made applicable, and to which it is limited. [*Id.*, at 495, 97 S.Ct. at 714]

■ There is no indication that the environment was unduly coercive on any of the occasions on which appellees were questioned by the officer. Initially, the officer contacted Tyrone Ward to discuss the burglary and the weapons which had been found in the apartment. Appellee Tyrone Ward told the officer that he knew of the burglary but knew nothing about the weapons. It was during the second visit that Tyrone Ward made his incriminating statement. During that visit, the officer also made arrangements to meet with Regina Ward at a later date. On each of those occasions, the officer made it clear to appellees that they were not under arrest. The meetings took place at the Wards' convenience in the familiar surroundings of their own home. *Cf. Orozco v. Texas*, 394 U.S. 324, 327, 89 S.Ct. 1095, 1097, 22 L.Ed.2d 311 (1969) ("[P]etitioner was under arrest and not free to leave when he was questioned [by four officers] in his bedroom in the early hours of the morning.") Although appellees were advised of their *Miranda* rights by the officer, they were not in custody at that time. Nor did they have reason to believe that they had been deprived of their freedom of action. Therefore, there was no requirement that *Miranda* warnings be given and waived prior to the investigative questioning which occurred.

### III

■ Appellees claim that even if *Miranda* warnings were not required, the statements were made involuntarily. The involuntariness of a statement made in a noncustodial setting—where *Miranda* principles do not apply—may be grounds for suppression of the statement. *United States v. Bernett*, 161 U.S.App.D.C. 363, 369, 495 F.2d 943, 949 (1974) (Robinson, J., dissenting in part).

■ Appellee Tyrone Ward failed to raise any claim about the involuntariness of his statement in his motion to suppress. Unless the issue of voluntariness is raised timely by a defendant, the trial judge generally is not required to make a voluntariness determination before the defendant's statements are admitted into evidence. *United States v. Powe*, 192 U.S.App.D.C. 224, 233, 591 F.2d 833, 842 (1978). There are, however, exceptional cases in which the trial judge has a duty to raise the voluntariness issue sua sponte. *See, e.g., id.,* at 233–35, 591 F.2d 842–44. In this case, we find no evidence of involuntariness in the record; therefore, we need not remand the issue to the trial judge for a determination of the voluntariness of appellee Tyrone Ward's statement.

■ Appellee Regina Ward, however, raised and properly preserved the voluntariness issue. It is unclear whether the trial judge reached the voluntariness question. "Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity." *Sims v. Georgia*, 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967). The pretrial hearing focused on the seizure of the weapons and the validity of the waiver of *Miranda* rights. *See, e.g., United States v. Barnes*, 197 U.S.App.D.C. 369, 372, 610 F.2d 888, 891 (1979). We cannot conclude that the trial judge implicitly considered the non-*Miranda* voluntari-

ness issue. Even though the record may suggest that the statement by appellee Regina Ward was made voluntarily, we are not free to rule on the basis of our own appraisal of the evidence. *United States v. Goss*, 484 F.2d 434 (6th Cir. 1973). The voluntariness of appellee Regina Ward's statement is to be determined by the trial judge. *United States v. Bernett, supra,* 161 U.S.App.D.C. at 365, 495 F.2d at 945 (Robinson, J., dissenting in part).

Accordingly, the order of suppression of appellee Tyrone Ward's statement is reversed and his case is remanded for trial. The order of suppression of appellee Regina Ward's statement based upon *Miranda* principles is reversed and her case is remanded for a finding by the trial judge as to the voluntariness of her statement.

*Reversed and remanded.*