995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Marcel BOYCE, Defendant-Appellant.
 No. 92-5127.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 2, 1993
Decided: June 10, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-91-114)
 Dwight J. Staples, Henderson, Henderson & Staples, Huntington, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Sharon M. Frazier, Assistant United States Attorney, Huntington, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 William Marcel Boyce appeals from his conviction and sentence for drug trafficking and firearm crimes. Because we find no reversible error in the proceedings below, we affirm.
 
 
 2
 Boyce was convicted of conspiring to possess with intent to distribute crack cocaine, in violation of 18 U.S.C. § 2; 21 U.S.C. § 846 (1988). Boyce was also convicted of the use of a firearm during the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (West 1976 & Supp. 1992). Boyce was sentenced to 295 months imprisonment on the drug counts and sixty months on the weapons count, to be served consecutively to the drug sentence.
 
 I.
 
 3
 Boyce first contends that the district court erred in its treatment of an admission made by him during his arrest. An officer involved in the drug raid precipitating Boyce's arrest testified at trial that he asked another officer during cataloguing of evidence what type of gun he (the questioning officer) was holding. In response, the officer alleged, Boyce spontaneously asserted that it was his "ex-military" gun. The district court held a hearing regarding the admission of ownership prior to trial and found that the statement was not made in response to police interrogation and was therefore admissible pursuant to Fed. R. Evid. 104. Boyce alleges that the district court improperly found the statement admissible. Boyce alleges that testimony by a third party regarding the voluntariness of his admission was improperly excluded at trial.
 
 
 4
 Boyce's burden with regard to the admissibility of the admission is heavy. Evidentiary determinations are reviewed only for abuse of discretion. Persinger v. Norfolk & Western Railroad Co., 920 F.2d 1185, 1187 (4th Cir. 1990). Further, unless the district court's factual finding was clearly erroneous, it will not be disturbed. United States v. White, 875 F.2d 427, 431 (4th Cir. 1989). The district court received evidence at the pre-trial hearing from officers involved in the raid and arrest and from a third-party, Shelly Hush, who was present at the raid. The court found that Boyce had received the proper Miranda* warnings and that the admission was a spontaneous statement, not made in response to police interrogation. This finding was based on witness credibility and was not clearly erroneous. Based on this factual determination, the district court's decision to admit the evidence was not an abuse of discretion.
 
 
 5
 Boyce's second contention is that Hush's testimony regarding whether she heard the officers give a Miranda warning was improperly excluded under Fed. R. Evid. 104(e). Rule 104 provides that the rule itself does not limit the right of a party to introduce evidence relevant to the weight or credibility of the testimony. However, the rule does not limit the right of a judge to exclude testimony on relevance grounds. Boyce's counsel asked Hush whether she had heard the Miranda warnings given. The prosecution objected, and the court sustained the objection. The Government had previously argued before the trial court that such testimony would be irrelevant. The court so determined and was correct in doing so.
 
 
 6
 Hush admitted that she was not in the same room with Boyce and the officers; she contended only that she could"pretty much" hear what was going on in the adjacent room. Also, Hush admitted that she was not positive whether Boyce had actually answered any questions, and that she was being questioned at the same time as Boyce. Finally, Hush admitted that she did not hear everything asked of Boyce. Because Hush's own admissions show that she did not have a basis for knowing whether Boyce was advised of his Miranda rights, her testimony would have been irrelevant. The district court did not abuse its discretion in excluding this portion of Hush's testimony.
 
 
 7
 Boyce's third contention regarding the admission of his inculpatory statement is that the district court erred in not properly instructing the jury. The relevant statute provides that:
 
 
 8
 In any criminal prosecution brought by the United States ..., a confession ... shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all circumstances.
 
 
 9
 18 U.S.C. § 3501(a) (1988) (emphasis added). Boyce requested the instruction; the district court declined to issue it.
 
 
 10
 Boyce contends that the district court refusal was an error. Boyce is correct. United States v. Sauls, 520 F.2d 568, 570 (4th Cir. 1975). However, the error was harmless because the defense had not elicited any evidence regarding the voluntariness of the statements, and no prejudice resulted from the failure to give the instruction. See id.
 
 II.
 
 11
 Boyce next contends that errors in the sentencing phase of his trial merit reversal. First, Boyce contends that the district court improperly refused post-conviction, pre-sentencing discovery. Boyce's counsel wanted a list of those prosecuted for possession of crack cocaine vis a vis prosecutions for powder cocaine violations, to show that the statute's enforcement unconstitutionally discriminated against African Americans. Discovery decisions are reviewed for abuse of discretion. Sandberg v. Virginia Bankshares, Inc., # 6D 6D6D# F.2d,, No. 911873, slip op. at 23 (4th Cir. Oct. 21, 1992). However, the legal analysis underlying such decisions are reviewed de novo. Id.
 
 
 12
 This Court has held that the heightened penalties for cocaine base violations at 21 U.S.C. § 841(b) (West 1981 & Supp. 1992) do not unconstitutionally discriminate against African Americans. United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir. 1990). Because the United States Sentencing Guidelines merely track this statutory provision with respect to crack cocaine violations, the Guidelines are not unconstitutionally discriminatory. Thus, Boyce's allegation of discriminatory sentencing must fail.
 
 
 13
 Boyce also contends that the district court improperly increased his sentence as a result of his election to stand trial. See United States v. Wiley, 278 F.2d 500 (7th Cir. 1960). Specifically, Boyce alleges that the mere disparity between his sentence and that of a co-conspirator who pled guilty merits reversal. Such disparity does not require reversal. United States v. Brainard, 745 F.2d 320 (4th Cir. 1984), cert. denied, 471 U.S. 1099 (1985).
 
 
 14
 Finally, Boyce contends that the district court erred in sentencing him based on the amount of drugs involved in the conspiracy. The amount of drugs attributable to the defendant for purposes of sentencing is the amount distributed by the conspiracy, if the conduct was within the defendant's agreement or was reasonably foreseeable to him. United States v. Campbell, 935 F.2d 39, 46 (4th Cir.), cert. denied, 60 U.S.L.W. 309 (U.S. 1991). The district court found that, due to the number of drug supply trips and amounts of drugs involved in each trip, Boyce could reasonably have foreseen the amount of drugs involved in the conspiracy. In addition, the court found that the amount of drugs involved in Boyce's own supply trips amounted to over 500 grams, which put his base offense level at the same level as the 1.4 kilograms attributed to the entire conspiracy. The court's findings are not clearly erroneous.
 
 III.
 
 15
 Boyce alleges several other points of error, all of which are wholly without merit. First, Boyce contends that there was insufficient evidence to support the conviction for use of a firearm in the commission of drug crimes. Boyce does not contend that he did not have access to weapons present during the conspiracy or that a co-conspirator did not use a gun during the crime. This Court has found that mere existence of a gun in the vicinity of the crime so as to embolden the actor is sufficient to constitute "use" of the gun. United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988). There was sufficient evidence to support a finding of guilt on this charge. See Jackson v. Virginia, 443 U.S. 307, 309 (1979).
 
 
 16
 Boyce also contends that the indictment was insufficient to apprise him of the charges against him, because it did not state the amount of drugs involved and because it did not state the possible penalties involved. Neither is required. See United States v. McHugh, 769 F.2d 860, 868 (1st Cir. 1985); Fed. R. Crim. P. 7(c).
 
 
 17
 Finally, Boyce contends that the district court erred in not giving an instruction proferred by his counsel regarding circumstantial evidence. However, the district court properly instructed the jury on the nature and use of circumstantial evidence. See United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992).
 
 IV.
 
 18
 Because the district court did not commit any reversible error, we affirm.
 
 AFFIRMED
 
 19
 * Miranda v. Arizona, 384 U.S. 436 (1966).