**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 96-4315

RICKEY MAZIQUE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-95-19)

Submitted: March 31, 1997

Decided: April 11, 1997

Before MURNAGHAN, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Rene Josey, United States Attorney, Alfred W.
Bethea, Jr., Assistant United States Attorney, Thomas E. Booth,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Rickey Mazique was convicted by a jury of one count each of conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). On appeal, he challenges the district court's admission of a handgun found during a warrant search of his father's home, the district court's failure to instruct the jury on the weight to be given to his confession, and the sufficiency of the evidence to support his conspiracy conviction. Finding no reversible error, we affirm.

Mazique sold crack cocaine in South Carolina. The evidence showed that he sold distributable quantities of crack to several individuals, including Robert Rouse ("Rouse") and Rouse's father. Rouse testified that he purchased crack from Mazique on twenty to thirty occasions (usually in quantities between 1/10 to 1/4 of a kilogram). Most of the transactions occurred at Mazique's father's home. Rouse was eventually apprehended and agreed to work as a confidential informant. Law enforcement officials set up controlled buys between Mazique and Rouse and recorded conversations between the two men.

Agents decided to arrest Mazique following a warrant search of Mazique's father's home in which a handgun, three different types of ammunition, and drug paraphernalia were discovered. Agents set up one last controlled buy between Rouse and Mazique for approximately 1/4 of a kilogram of crack cocaine, but as law enforcement officers moved in to arrest Mazique, he drove away, throwing the drugs out the window. The drugs were recovered, and Mazique was apprehended after a brief, high-speed chase. After his arrest and after being advised of his rights, Mazique admitted that the drugs belonged to him, and he identified his supplier.

2

We find Mazique's claim that the firearm recovered from his father's house was irrelevant and should not have been admitted to be without merit. A district court's evidentiary decisions are reviewed for abuse of discretion, United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993), and we find no such abuse here. We have historically held that the admission of firearms in drug cases is relevant to the issues raised in such cases. See United States v. Collazo, 732 F.2d 1200, 1206 (4th Cir. 1984).

While Mazique may be correct that the district court erred by failing to instruct the jury concerning the weight to be accorded his confession even though he did not request such an instruction, see 18 U.S.C. § 3501(a) (1994) (requiring such an instruction); United States v. Sauls, 520 F.2d 568, 570 (4th Cir. 1975) (requiring the instruction even when the defendant did not ask for it), we find that such error was harmless beyond a reasonable doubt. See Sauls, 520 F.2d at 570 (failure to give instruction may be tested for harmless error). The confession was only incriminating as to the offense of possession with intent to sell, which centered around Mazique's actions prior to and during the final controlled buy. Evidence against Mazique on this count was overwhelming. Law enforcement officers tape recorded conversations between Mazique and Rouse setting up the transaction, observed Mazique throw the drugs out of his car window as he attempted to escape, and recovered the drugs. Moreover, the district court gave a general weight of the evidence and witness credibility instruction which we find minimized any prejudice. We also note that Mazique testified at trial that he never made the incriminating statements attributed to him.

On direct appeal of a criminal conviction, a "verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it," Glasser v. United States, 315 U.S. 60, 80 (1942), and we find that the evidence was sufficient to support Mazique's conspiracy conviction and to show that he was involved in more than mere buyer-seller relationships.

The evidence at trial primarily consisted of testimony by Rouse and others that they purchased distributable quantities of crack from Mazique on numerous occasions. Rouse further testified that he sometimes purchased as much as 1/4 of a kilogram of crack at a time and

3

that he and his father went to Mazique because he was a better source than their previous supplier. "[E]vidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators." United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993); see also United States v. Anderson, 89 F.3d 1306, 1311 (6th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3506 (U.S. Jan. 21, 1997) (No. 96-7079) (same). In addition, evidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868); United States v. Nesbitt, 90 F.3d 164, 167 (6th Cir. 1996) (citing Direct Sales Co. v. United States, 319 U.S. 703, 711 (1943)); United States v. Moran, 984 F.2d 1299, 1303 (1st Cir. 1993).

We therefore affirm Mazique's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process. We deny Mazique's motions to file a pro se supplemental brief, to compel counsel to file a reply brief, and to remove his attorney from the case.

AFFIRMED

4