**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5902

RICKY LEWIS HEMINGWAY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-95-462)

Submitted: March 18, 1997

Decided: September 4, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Rene Josey, United States Attorney, William E. Day,
II, Assistant United States Attorney, Florence, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ricky Lewis Hemingway appeals from his conviction of transferring counterfeit federal reserve notes in violation of 18 U.S.C. § 473 (1994). Hemingway contends that the district court erred in determining that he had waived his right to a voluntariness hearing in connection with an incriminating statement and in not instructing the jury concerning its role in determining the voluntariness of his incriminating statements. We affirm.

Prior to trial, Hemingway made incriminating statements to Secret Service Agent Johstono. Hemingway admitted to giving some $50 bills to his girlfriend, Marilyn Simmons, and stated that Simmons may have cashed the two $50 bills at a Winn-Dixie store. Hemingway did not testify at trial. The Government called Agent Johstono who, after being qualified as an expert, testified that both bills were counterfeit. During the direct examination of Johstono, the court held a bench conference and the Government advised the court that it was going to question Johstono about the statements of both Hemingway and Simmons. Both counsel indicated that they had no objection.

When the Government started to question Johstono regarding his contacts with Hemingway, Hemingway requested a bench conference and challenged whether or not he was read his rights prior to his statements. The court responded, stating for the record that it did not conduct a voluntariness hearing because at the earlier bench conference it had concluded that Hemingway waived any challenge to the issue of whether or not he was advised of his rights.*

Hemingway contests the district court's determination that he had waived his right to a hearing, out of the presence of the jury, on the issue of the voluntariness of his incriminating statements made to Johstono. See 18 U.S.C. § 3501(a) (1982). By failing to request a

_____

*The court also stated that it had determined that Hemingway was not in custody and therefore there was no requirement to advise him of his rights. Hemingway's advice of rights form was admitted into evidence, without objection.

2

hearing on the voluntariness of his confession in a timely fashion, Hemingway waived his right to have a voluntariness hearing. See United States v. Wilson, 895 F.2d 168, 172-73 (4th Cir. 1990). Hemingway failed to make a pretrial motion to suppress. See Wilson, 895 F.2d at 172-73; see also Fed. R. Crim. P. 12(b)(3). Additionally, when the Government indicated that his confession would be discussed on direct examination, Hemingway failed to object. Furthermore, when Hemingway did request a voluntariness hearing, he failed to show cause that relief from his waiver should be granted. See Wilson, 895 F.2d at 172-73; see also Fed. R. Crim. P. 12(f). We conclude that the district court did not abuse its discretion in denying Hemingway relief from his waiver of his right to have a voluntariness hearing.

Hemingway also contends that the district court committed reversible error because it did not instruct the jury concerning its role in determining the voluntariness of the incriminating statements made to Secret Service Agent Johstono. The Government counters that Hemingway's statement was not a "confession" and further states that even if § 3501 is applicable, the trial court did not err because no genuine issue of voluntariness of the statements was presented to the jury. Hemingway's statements to Johstono are self-incriminating and thus may be construed as a "confession" under § 3501. Whether requested or not, the trial court should instruct the jury specifically on the law governing the use of a confession, and failure to do so is clear error. See United States v. Sauls, 520 F.2d 568, 570 (4th Cir. 1975); United States v. Inman, 352 F.2d 954, 956 (4th Cir. 1965). However, reversal will not follow if the failure is harmless. See Sauls, 520 F.2d at 570. The fact that voluntariness was not put before the jury suggests, and we so find, that any error in not specifically instructing the jury on voluntariness, as required by § 3501, was harmless. Cf. Sauls, 520 F.2d at 570 (concluding that failure of trial court to instruct jury specifically on "`issue upon which there was no evidence before them'" could not be regarded as prejudicial) (quoting United States v. Goss, 484 F.2d 434, 438 (6th Cir. 1973)).

Hemingway's conviction is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3