**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4864

KEENAN LEVIRT HUGHES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-98-224-A)

Submitted: September 28, 1999

Decided: October 14, 1999

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth Michael Robinson, THE ROBINSON LAW FIRM, Wash-
ington, D.C., for Appellant. Helen F. Fahey, United States Attorney,
Rebeca Hidalgo Bellows, Assistant United States Attorney, Alexan-
dria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Keenan Levirt Hughes appeals from a 151 month sentence follow-ing his conviction for conspiracy to possess with the intent to distrib-ute and to distribute crack cocaine, 21 U.S.C.A.§ 846 (West Supp. 1999). Finding no reversible error, we affirm.

Hughes contends that the district court erred when it did not, sua sponte, hold an evidentiary hearing on the admissibility of his confes-sion and did not, in the absence of a request from defense counsel, give a specific instruction on the jury's consideration of the confes-sion. While 18 U.S.C. § 3501(a) (1994) requires that a district court hold an evidentiary hearing on the admissibility of a confession prior to its admission at a jury trial, the district court did not err because Hughes did not timely move to suppress the statement. See United States v. Wilson, 895 F.2d 168, 172-73 (4th Cir. 1990) (per curiam). Although this court has held that the failure of a trial court to give a specific instruction regarding the jury's consideration of the confes-sion constitutes plain error, we will not reverse a conviction on this basis if the error is harmless beyond a reasonable doubt. See id.; United States v. Sauls, 520 F.2d 568, 570 (4th Cir. 1975); see also Arizona v. Fulminante, 499 U.S. 279, 288-89 (1991). In light of the substantial evidence against Hughes and the court's general instruc-tion to the jury on the credibility of witnesses and the weight that they were to accord each witness's testimony, we find that the error in this case was harmless beyond a reasonable doubt. Moreover, Hughes' claim that his attorney's representation was ineffective for failing to move to suppress the confession and for failing to request a specific instruction concerning the confession is not cognizable on direct appeal because the record does not conclusively establish that he is entitled to relief. See United States v. Hoyle , 33 F.3d 415, 418 (4th Cir. 1994).

Hughes also seeks to invalidate his conviction on the basis that the Government's inquiries into the past drug distribution activities and prior arrest and conviction history of a defense witness were improper. The Government concedes that most of its questions were improper, but argues that none merit reversal of Hughes' convictions.

We agree. The government cannot use artful cross-examination to introduce evidence that would otherwise be inadmissible. See United States v. Hall, 989 F.2d 711, 716 (4th Cir. 1993). Where, however, a district court sustains a defense objection to an improper government question, the witness does not answer, and the defense does not move for a mistrial, this court will not reverse a conviction unless the prejudice resulting from the improper question was of such a magnitude that the defendant was denied a fair trial. See United States v. Lamarr, 75 F.3d 964, 969 (4th Cir. 1996).

Hughes' counsel objected and the court sustained the objection to the Government's questions about Rosan Abdul Rahim's length of incarceration while awaiting trial on unrelated charges and whether Rahim had ever distributed drugs. In light of the substantial evidence against Hughes, and in light of the curative instruction that was given by the court, see Hall, 989 F.2d at 717, we find that any error caused by the Government's cross-examination of Rahim with respect to these two questions was harmless beyond a reasonable doubt.

We further find that questions regarding Rahim's pending charges and previous arrests and convictions did not constitute plain error. See United States v. France, 164 F.3d 203, 207 (4th Cir. 1998), cert. denied, ___ U.S. ___, 119 S.Ct. 2351 (1999). We have considered the Government's questioning to which the defense lodged no objection and conclude that none of these questions, when considered together and in light of the entire record, was prejudicial to such an extent that outcome of the proceeding was affected. See id. Thus, because this aspect of the Government's cross-examination of Rahim did not affect Hughes' substantial rights, we find no reversible error.

Accordingly, we affirm Hughes' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3