995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman Eugene LANDERS, Defendant-Appellant.
 No. 92-5224.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 20, 1993
Decided: June 10, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-91-358)
 James F. Humphreys, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Norman Eugene Landers appeals from his conviction and sentence on drug and weapons charges. Landers's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that no meritorious issues exist for appeal. Landers has not filed a supplemental brief.
 
 I.
 
 2
 First, Landers contends that the district court erred in admitting certain tape recordings into evidence. During trial the Government sought to introduce edited versions of recordings, and transcripts of the edited recordings, that had been made of a confidential informant's transactions with Lander's co-defendant, Richard Fouty. Landers's counsel objected to the edited versions, contending that inaccuracy inhered in the editing. However, counsel conceded that no relevant portions of the conversations had been edited. Counsel also did not contest that she had had ample opportunity prior to trial to review the full tapes and transcripts thereof, and that she could identify any inaccuracy arising from the editing itself. Further, counsel did not attempt during the trial to enter any portions of the tapes that had been edited; the court had invited counsel to do so if she thought necessary.
 
 
 3
 Evidentiary rulings are reviewed only for abuse of discretion. See Persinger v. Norfolk & W. R.R., 920 F.2d 1185, 1187 (4th Cir. 1990). The district court discovered through counsel's argument that there was no basis for excluding the edited versions of the tapes or the transcripts, as no relevant or material portions had been deleted. Further, the court allowed Landers's counsel sufficient opportunity to correct any possible error by admitting portions of the tapes not included in the edited versions. The trial court did not abuse its discretion in allowing the edited versions of the tapes and transcripts into evidence. See United States v. West, 574 F.2d 1131, 1138 (4th Cir. 1978) (transcripts of taped conversations admissible); United States v. DiMuro, 540 F.2d 503, 512 (1st Cir. 1976) (admission of partial tapes of conversation discretionary), cert. denied, 429 U.S. 1038 (1977).
 
 II.
 
 4
 Landers next contends that the district court erred in increasing his offense level pursuant to United States Sentencing Commission, Guidelines Manual, § 3B1.1(c) (Nov. 1992), which allows a two point increase for being a leader, organizer, manager, or supervisor of the criminal offense underlying a conviction. The district court's determination is essentially factual, and is reviewed only for clear error. United States v. Sheffer, 896 F.2d 842, 846 (4th Cir.), cert. denied, 498 U.S. 838 (1990). The district court found, by a preponderance of the evidence, that Landers had acted as a leader or organizer of the cocaine transactions. The court reasoned that Landers exhibited a leadership control by determining the maximum amount of the drug sales, in determining the "cut" of the cocaine, and in determining the price to be charged for the cocaine. The district court did not err in finding that these facts showed Landers to be a leader or organizer of the offense of conviction.
 
 III.
 
 5
 In accordance with Anders, we have examined the entire record in this case and find no other meritorious issues for appeal; we therefore affirm Landers's conviction and sentence. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, this Court denies counsel's motion to withdraw and requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review, and to prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately present in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED