**Dennis PERSINGER,**
**Plaintiff–Appellant,**

v.

**NORFOLK & WESTERN RAILWAY**
**COMPANY, Defendant–Appellee.**

No. 89–2223.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 1, 1990.

Decided Dec. 10, 1990.

Michael B. Michelson, Gaines & Stern Co., Cleveland, Ohio (Michael J. Rogan, Gaines & Stern Co., Cleveland, Ohio, Dennis P. Brumberg, Lutins & Shapiro, Roanoke, Va., on the brief), for plaintiff-appellant.

William Beverly Poff, Woods, Rogers & Hazlegrove, Roanoke, Va. (Kevin P. Oddo, Thomas A. Leggette, Woods, Rogers & Hazlegrove, Roanoke, Va., on the brief), for defendant-appellee.

Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

CHAPMAN, Circuit Judge:

Plaintiff-appellant Dennis Persinger ("Persinger") sued his former employer, defendant-appellee Norfolk & Western Railway Company ("Norfolk & Western"), for violations of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60 (1988), in the District Court for the Western District of Virginia. After a four-day trial, the jury returned a verdict for Persinger in the amount of $250,000. Norfolk & Western then moved for a judgment notwithstanding the verdict ("JNOV") or, in the alternative, a new trial. Chief District Judge James C. Turk granted Norfolk & Western's motion for a new trial on the ground that certain expert testimony was improperly admitted. Judge Turk also granted Norfolk & Western's motion for JNOV on the ground there was no evidence of negligence after Persinger's expert's testimony was excluded. Persinger asks this court to reverse the JNOV, and reinstate the original jury verdict of $250,000. After considering the record, the briefs, and oral arguments, we find that the district judge acted within his discretion to exclude the expert testimony after having originally admitted it. However, his decision to exclude the testimony after the trial could have prejudiced Persinger, who relied on that testimony in presenting his case. Accordingly, we vacate the district court's JNOV order, but affirm its decision to grant a new trial.

I.

This case arose from an injury Persinger sustained while an employee of Norfolk & Western when he installed a 75–pound starter motor in one of Norfolk & Western's diesel locomotives.

There are two starter motors in each locomotive. The motors are removed manually by two electricians, one of whom loosens the nuts which hold the motor to the

engine, while the other actually removes the motors. Once the motors are removed, the electricians change places for the installation of the new motors. To install a motor, two men lift the motor onto the running board of the locomotive. One worker then sits on the running board with his legs extended into the engine well and places the starter motor into the locomotive engine area. At this time, the other electrician attaches the motor. This job had been performed in the same manner for at least 20 years at Norfolk & Western. Every Norfolk & Western electrician performed this job, and Persinger had changed starters on many prior occasions.

When plaintiff was injured on January 28, 1985, he was working with a fellow electrician and following the installation procedure described. Plaintiff lifted the first motor into place, and the other electrician secured it. While installing the second motor, plaintiff experienced some discomfort on the top part of his shoulder which was later diagnosed as a bulging cervical disc. Persinger returned to work for a few months after his injury, but has not worked at Norfolk & Western since 1985. Persinger, however, has been working full time for another employer since 1986.

The case was tried before a jury on August 22 through 25, 1989. During trial, Norfolk & Western attempted to exclude the expert testimony of Dr. Carl Kroemer, a human factors analyst. The trial court expressed "great doubts" about the admissibility of Dr. Kroemer's testimony, but allowed him to testify. After the testimony, Norfolk & Western again moved to strike. The district judge denied the request, but stated:

> I don't think it ought to have come in. I have let it in and I am not going to strike it at this time. I am going to leave it in, but I have great doubts about it qualifying as any expert testimony.

Norfolk & Western's motions for a directed verdict were also denied. The jury then returned a verdict for Persinger for $250,000, specifically finding that Norfolk & Western's negligence caused Persinger's injuries. Norfolk & Western then moved for JNOV or, in the alternative, for a new trial. The district judge found that Kroemer's testimony was improperly admitted. Accordingly, he granted Norfolk & Western's motion for JNOV, because other than Kroemer's testimony, Persinger had failed to provide any evidence of negligence. Since the district judge determined that the evidence was improperly admitted, he also conditionally granted a new trial pursuant to Federal Rule of Civil Procedure 50(c)(1).[1]

## II.

This court reviews a district court's evidentiary and procedural rulings for an abuse of discretion. The question of whether expert testimony is admissible is within the sound discretion of the trial judge, and appellate courts normally defer to the trial judge's decision. *See Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir.1986). Although this court will only reverse a district court's decision to grant a new trial for an abuse of discretion, *see Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429 (4th Cir.1985), in reviewing a trial court's grant of JNOV, we must view the evidence in the light most favorable to the plaintiff in deciding if he has established his case. However, "the weight of the evidence under ... [FELA] must be more than a scintilla before the case may be properly left to the discretion of the trier of fact...." *Brady v. Southern Ry.*, 320 U.S. 476, 479, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943).

## III.

This appeal raises three issues: (1) whether the district judge erred in concluding that certain expert testimony should

---

1. Fed.R.Civ.P. 50(c)(1) provides in part:
   If the motion for judgment notwithstanding the verdict ... is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed.... In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered.

have been excluded at trial; (2) whether the district judge erred in granting Norfolk & Western's motion for JNOV; and (3) whether the district judge erred in conditionally granting Norfolk & Western's motion for a new trial.

## A. Admission of Expert Evidence

■ Federal Rule of Evidence 702 authorizes the admission of expert testimony that "will assist the trier of fact to understand the evidence or to determine a fact in issue...." Fed.R.Evid. 702. Although expert testimony is generally presumed helpful to the jury, we have held that Rule 702 excludes expert testimony on matters within the common knowledge of jurors. *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir.1986). Other courts have interpreted Rule 702 similarly. *See, e.g., Andrews v. Metro North Commuter Ry.*, 882 F.2d 705, 708 (2d Cir.1989); *Morgan v. District of Columbia*, 824 F.2d 1049, 1061–62 (D.C.Cir.1987); *Ellis v. Miller Oil Purchasing Co.*, 738 F.2d 269, 270 (8th Cir.1984).

■ The district judge concluded that he erred in initially admitting Kroemer's testimony:

> [T]he question of whether a given amount of weight is safe to lift is within the common knowledge of jurors as ordinary laymen. Once the jury was told how plaintiff performed his job and how much weight he was required to lift, the question of whether such weight was unreasonable was within the common sense and everyday knowledge of the jurors. As a result, it was improper to admit expert testimony on that question because such testimony could not have been of assistance to the trier of fact. Dr. Kroemer's testimony should have been excluded because it was superfluous to the issue of whether the weight plaintiff had to lift to perform his job was unreasonable.

Persinger argues that Kroemer's testimony was not superfluous since he was the only witness who could explain technical safety manuals, industry guidelines, and government safety regulations. These guidelines contained charts and tables establishing the maximum weights that could safely be lifted by an individual. Persinger contends that Kroemer's testimony regarding the application of the equations contained within the standards was crucial to an understanding of this technical information by the jury.

When stripped of its technical gloss, however, Dr. Kroemer's testimony did no more than state the obvious. He testified that he applied an industry safety formula to determine the weight that Persinger could safely lift. The formula, however, was based on several basic variables including the distance of the lift, and the distance from the body at which the weight was held.[2] The typical juror knows that it is more difficult to lift objects from a seated position, especially when the lift is away from the body rather than close to the body. In fact, even Dr. Kroemer admitted that the industry formula represented a "commonly expressed" principle. Accordingly, we cannot say that the district judge abused his discretion in finding that the evidence should not have been admitted, especially given his previously expressed doubts. *See Peters v. Five Star Marine Serv.*, 898 F.2d 448, 449–50 (5th Cir.1990) (affirming district judge's decision to exclude expert testimony regarding the hazards of offloading a vessel being rocked by four to five foot waves). We therefore affirm that part of the district judge's order excluding Dr. Kroemer's testimony.

## B. Decision to Grant Norfolk & Western's Motion for JNOV

■ To recover under FELA, a plaintiff must prove by a preponderance of the evidence that the defendant was negligent. The district judge granted Norfolk & Western's motion for JNOV after he concluded

2. Kroemer's testimony could even be considered misleading, even though the district judge did not make any such findings. The formula used by Kroemer only applied to "lifts from the floor to knuckle height." In this case, Persinger lifted the motor from a sitting position, not while standing.

that Persinger had failed to present evidence of negligence. JNOV should not be granted unless the evidence is so clear that reasonable men could reach no other conclusion than the one suggested by the moving party. *See Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 160 (4th Cir.1988). This determination must be made while viewing the evidence in the light most favorable to support the jury verdict, *Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230, 243 n. 14 (4th Cir.1982), yet more than a "mere scintilla" of evidence is necessary to defeat the motion. *Gairola v. Virginia Dept. of General Servs.*, 753 F.2d 1281, 1285 (4th Cir. 1985).

■ In this appeal, however, we do not have to evaluate the weight of the evidence to determine whether JNOV was appropriate. The district judge determined that, other than Kroemer's testimony, Persinger had not presented any evidence of negligence. Therefore, he concluded that Norfolk & Western could not be liable for Persinger's injury, making JNOV the appropriate remedy. The record in this case makes it clear that Persinger relied on Kroemer's testimony, and that the district judge originally found this testimony to be evidence of negligence. Thus, there was no reason for Persinger to present other evidence of negligence. When the district judge excluded this evidence after the verdict and granted Norfolk & Western's motion for JNOV, Persinger had no opportunity to present additional evidence of negligence, and he was clearly prejudiced. We find that fairness requires that Persinger have an opportunity to supply additional evidence of negligence. Accordingly, we hold that the district judge erred in granting Norfolk and Western's motion for JNOV.

C. Decision to Grant a New Trial

■ In the event that the JNOV might be reversed on appeal, the district judge conditionally granted Norfolk & Western a new trial because of the improper admission of Kroemer's testimony. Since we affirm the district judge's evidentiary ruling, but reverse his decision to grant the JNOV, we find that Norfolk and Western is entitled to a new trial.

Persinger contends that Norfolk & Western is not entitled to a new trial, arguing that the admission of Kroemer's testimony was harmless error. He argues that Norfolk & Western must prove that the error prejudicially affected its substantive rights. *See* Fed.R.Civ.P. 61 (evidentiary error not sufficient basis for new trial unless result is "inconsistent with substantial justice"). We have previously held, however, that the decision to grant a new trial " 'is a matter resting in the sound discretion of the trial judge, and ... his action thereon is not reviewable upon appeal, save in the most exceptional circumstances.' " *Lindner v. Durham Hosiery Mills, Inc.*, 761 F.2d 162, 168 (4th Cir.1985) (quoting *Aetna Cas. & Sur. v. Yeatts*, 122 F.2d 350, 354 (4th Cir. 1941)); *Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429 (4th Cir.1985). Moreover, "[i]n harmless error analysis the beneficiary of the error ... [Persinger] has the burden to show that the error almost surely did *not* affect the outcome of the case." *Lusby v. T.G. & Y. Stores, Inc.*, 796 F.2d 1307, 1312 n. 4 (10th Cir.1986) (emphasis in original). We believe that Kroemer's testimony had a direct effect on the jury, since Kroemer testified as to the ultimate issue of negligence, and we find that Persinger has not carried his burden of proving that Kroemer's testimony did not affect the outcome of the case. We hold that the district judge did not abuse his discretion in granting the motion for a new trial.

IV.

For the above reasons, we vacate the district court's JNOV order, but affirm its decision to grant a new trial, and remand for proceedings consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR A NEW TRIAL.