**SLADE GORTON & CO., INC., et al., Plaintiffs,**

v.

**Tim MILLIS, d/b/a/ B.F. Millis & Sons, Defendant.**

**No. 90–38–CIV–4–BO.**

United States District Court,
E.D. North Carolina,
New Bern Division.

July 9, 1992.

John A.J. Ward, New Bern, N.C., Allen C.D. Scott, II, Cape Canaveral, Fla., David W. Pettis, Jr., Pettis & McDonald, P.A., Tampa, Fla., for plaintiffs.

Jeffrey S. Miller, Jacksonville, N.C., for defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter comes before the undersigned United States District Court Judge on the following matters: (1) plaintiffs' renewal of their motion for judgment as a matter of law, pursuant to Fed.R.Civ.P. 50(b); (2) plaintiffs' and defendant's motions for entry of findings by the trial court on the issues of patent infringement, willfulness, and damages, pursuant to Fed. R.Civ.P. 49(a); and (3) plaintiffs' motion for a new trial, pursuant to Fed.R.Civ.P. 50(b) and 59.

## Statement of Facts

From February 10 to February 13, 1992, a jury trial was held in Elizabeth City, North Carolina, regarding alleged infringement by the defendant of four patents owned by the plaintiffs. At the conclusion of deliberations, the jury returned on February 14, 1992, answering four of eighteen questions contained within a special verdict form. The jury found plaintiffs' patent 4,532,677 ('677) invalid for obviousness-type double patenting. In addition, the jury found plaintiffs' patents 4,255,834 ('834), 4,330,904 ('904), and RE 31,527 ('527), invalid because of a breach of the duty of disclosure, candor, and good faith due to the U.S. Patent and Trademark Office. Judgment for the defendant was entered on February 19, 1992.

## Conclusions of Law

A. Plaintiffs' Motion for Judgment as a Matter of Law

A court considering a motion for judgment as a matter of law, formerly designated as a judgment notwithstanding the verdict, should apply the identical standard as that utilized with the former rule. See 28 U.S.C.A. Rule 50, Advisory Committee Notes, 1991 Amendment, pp. 66–67 (West Supp.1992).

The motion should not be granted unless the evidence is so clear that reasonable men could reach no other conclusion than the one suggested by the moving party; that determination must be made while viewing the evidence in the light most favorable to support the jury verdict, but more than a "mere scintilla" of evidence is necessary to defeat the motion. *Persinger v. Norfolk & W. Ry.*, 920 F.2d 1185, 1189 (4th Cir.1990). The district court does not weigh evidence or assess the credibility of witnesses when making this determination. *J.D. Hamilton v. 1st Source Bank*, 895 F.2d 159, 162 (4th Cir.1990), *vacated in part on other grounds*, 928 F.2d 86 (4th Cir.1990) (en banc).

### 1. Invalidity of Patent '677

Pursuant to question three of the special verdict form, the jury found plain-

tiffs' patent '677 invalid for obviousness-type double patenting. The legal standard for determining obviousness-type double patenting is, "Does any claim in the application define merely an obvious variation of an invention disclosed and claimed in the patent? In considering the question, the patent disclosure may not be used as prior art." *In re Kaplan,* 789 F.2d 1574, 1579 (Fed.Cir.1986) (quoting *In re Vogel,* 422 F.2d 438, 441 (C.C.P.A.1970)).

In considering this motion, while viewing the evidence in the light most favorable to support the jury verdict, the evidence presented during the trial was not so clear that reasonable men could reach no other conclusion than the one suggested by the moving party. Based on the substantial evidence the jury had before it, including the patents at issue, '677, 3,683,458, and 3,662,432, the testimony of Lambert regarding the identical properties of the patents, and the inference of collusion between the joint-venture plaintiffs, the jury could reasonably have found that patent '677 was invalid, notwithstanding its statutory presumption of validity, for obviousness-type double patenting.

### 2. Invalidity of Patents '834, '904, and '527

█ In considering this motion, while viewing the evidence in the light most favorable to support the jury verdict, the evidence presented during the trial was not so clear that reasonable men could reach no other conclusion than the one suggested by the moving party. Based on the substantial evidence the jury had before it, including the patents at issue, '834, '904, and '527, and the testimony of Dick McGuire (that he was the inventor of both the claimed process and apparatus for removing scallop meat from the whole scallop), and Ernie Moore (that he, McGuire, Homer Smith, and Lambert, were involved in developing the scrubber), the jury could reasonably have found that the patents were invalid, notwithstanding their statutory presumption of validity, based on a breach of the duty of disclosure, candor, and good faith.

█ Lastly, it is important to note that the plaintiffs requested that a multitude of issues be answered by the jury on a special verdict form. (Court File Doc. # 32). Although the court pared plaintiffs' original list of thirty-two interrogatories down to eighteen and the jury ultimately answered only four, the plaintiffs requested that those issues be placed before the jury for determination. To the extent that the plaintiffs themselves placed these issues unilaterally to the jury, their claims of lack of evidence supporting the jury's findings on some of those issues are not cognizable.

### B. Plaintiffs' and Defendant's Motion for Entry of Findings

Since special verdict questions regarding infringement, willfulness, and damages, were unanswered by the jury, both parties have moved for entry of findings by the court on those issues pursuant to Fed. R.Civ.P. 49(a).

█ Even though the jury did not answer all of the questions put to it, the four that were unanimously answered by the jury, declaring all four patents at issue invalid, was dispositive of the case. This entitled the defendant to judgment pursuant to Fed.R.Civ.P. 58. *See Wahpeton Canvas Co., Inc. v. Frontier, Inc.,* 870 F.2d 1546, 1553–54 (Fed.Cir.1989); *Quaker City Gear Works, Inc. v. Skil Corp.,* 747 F.2d 1446, 1453 (Fed.Cir.1984), *cert. denied,* 471 U.S. 1136, 105 S.Ct. 2676, 86 L.Ed.2d 694 (1985); *Skyway Aviation Corp. v. Minneapolis, Northfield & S. Ry.,* 326 F.2d 701, 704 (8th Cir.1964); *Black v. Riker–Maxson Corp.,* 401 F.Supp. 693, 696 (S.D.N.Y.1975).

█ The parties agreed with the court's instruction that if the jury was unable to decide the infringement issues, they could proceed to the validity issues. Here, both the plaintiffs' and the defendant's failure to seek resubmission to the jury of the special interrogatories on which the jury returned no answers precludes entry of findings of fact by the court on those issues. *See Hess Oil Virgin Islands Corp.*

*v. UOP, Inc.,* 861 F.2d 1197, 1202–03 (10th Cir.1988).

### C. Plaintiffs' Motion for a New Trial

■ A trial court may, in its discretion, grant a new trial where the court is of the opinion that the verdict is against the clear weight of the evidence or is based upon evidence which is false or will result in a miscarriage of justice, even if supported by substantial evidence. In making such a determination, the court may weigh evidence and consider the credibility of witnesses. *Poynter v. Ratcliff,* 874 F.2d 219, 223 (4th Cir.1989).

The plaintiffs have failed to satisfy the applicable standard. The verdicts of invalidity regarding the four patents are not against the clear weight of the evidence based upon the texts of the patents admitted into evidence, and the testimony of Lambert, McGuire, and Moore; nor are those verdicts based upon evidence that is false or results in a miscarriage of justice. The fact that the plaintiffs were unable to make out a showing on their claims by a preponderance of the evidence is indicative of the jury's belief that the evidence was overwhelmingly against the plaintiffs and that the patents at issue were invalid. It appeared to the jury that the plaintiffs were attempting to double patent one invention and patent three other inventions that had been developed by other individuals.

Accordingly, for the foregoing reasons, plaintiffs' renewal of their motion for judgment as a matter of law, pursuant to Fed. R.Civ.P. 50(b) is DENIED; plaintiffs' and defendant's motions for entry of findings by the trial court on the issues of patent infringement, willfulness, and damages, pursuant to Fed.R.Civ.P. 49(a) is DENIED, and plaintiffs' motion for a new trial, pursuant to Fed.R.Civ.P. 50(b) and 59 is DENIED.

SO ORDERED.