998 F.2d 1011
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sean Eric THOMAS, Defendant-Appellant.
 No. 92-5779.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 2, 1993.
Decided: July 26, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.
 Charles E. Haden, for Appellant.
 Richard Cullen, United States Attorney, Mark A. Exley, Assistant United States Attorney, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Sean Eric Thomas appeals his convictions for violations of 18 U.S.C. § 2 (1988) and 18 U.S.C.A. §§ 922(a)(1)(A), 924(a)(1)(A) (West 1976 & Supp. 1993). We find Thomas's assignments of error without merit and affirm.
 
 I.
 
 2
 Thomas first complains of the district court's denial of his motion to suppress an incriminating statement. Thomas moved for suppression, contending that officers had "prodded" him into making the statement after Thomas invoked his Sixth Amendment right to counsel.
 
 
 3
 Defendants who invoke their right to counsel may not be interrogated any further until counsel has been made available. Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). However, any statements made by a defendant of his own volition and not in response to officers' questions or comments are not constitutionally infirm. Id.; see also Oregon v. Bradshaw, 462 U.S. 1039 (1983). The Government contended that the statement at issue was covered by this "spontaneous utterance" doctrine.
 
 
 4
 Officer McCollum, who was present at the time that Thomas was arrested, testified at the suppression hearing that Thomas was advised of his Miranda[1] rights and that Thomas requested his attorney's presence before answering any questions. McCollum testified that the interrogation ended at that point, that Thomas was transferred to the Virginia Beach police station, and that he was booked into custody and placed in what is known as an "interview" room. McCollum testified that Thomas, of his own volition, stated that he suspected that he knew who had set him up. Another officer then queried Thomas whether he wished to continue to talk to the officers, and Thomas responded affirmatively. Thomas was readvised of his Miranda rights and signed a form stating that he waived those rights. Before the resulting interview was over, Thomas told the officers that he was a drug dealer and that he sold guns to drug dealers in New York.
 
 
 5
 Thomas contended that the situation surrounding his statement was coercive because he was placed in a special room, the officers carried with them a waiver of rights form, and the officers implied they could help him if he talked to them. However, Thomas did not allege that he knew the room was an "interview" room, and he did not know before his statement to the officers that they carried the waiver form with them. As to the alleged prodding, the officers merely told Thomas that they would inform the magistrate about his cooperation.
 
 
 6
 The district court's refusal to suppress Thomas's statement is reviewed to determine whether the evidence presented provided a substantial basis for the court's decision. Cf. Massachusetts v. Upton, 466 U.S. 727, 732-33 (1984) (suppression determination regarding alleged Fourth Amendment violation reviewed only for substantial basis in evidence). In the present appeal the officers deferred to Thomas's request to talk to counsel before answering questions, and, even after Thomas's spontaneous utterance, the officers carefully readvised Thomas of his rights. A substantial basis existed for the district court's determination that no Sixth Amendment violation occurred; the district court did not err.
 
 II.
 
 7
 Thomas next complains that certain evidence was improperly admitted at trial. First, the Government introduced a writing exemplar during trial. Thomas's counsel objected because the first page of the exemplar was an unexecuted rights waiver. The court correctly found that the handwriting exemplars were not testimonial in nature and that, therefore, no waiver was required. See Gilbert v. California, 388 U.S. 263, 266-67 (1967). As no constitutional infirmity existed with regard to the handwriting exemplar, the only question remaining is whether the district court abused its discretion in admitting the evidence. See Persinger v. Norfolk & W. R.R. Co., 920 F.2d 1185, 1187 (4th Cir. 1990). The exemplars were probative in establishing Thomas's signature on various documents surrounding the illegal gun sales; thus, there was no abuse of discretion.
 
 
 8
 Thomas's second assignment of evidentiary error relates to several records from the Bureau of Alcohol, Tobacco and Firearms (ATF). Thomas contended below that the records were incredible, because different people in their different supervisory capacities verified the records. Thus, he contended, the records are self-contradictory. The records are, indeed, verified by different people. One record was verified by Acting Supervisor Whiting.[2] Another record was verified by Acting Supervisor Sykes. The third record was verified by Supervisor Poole. The Government contends, and Thomas does not refute, that there were different custodians of the records during the pertinent time periods. As such, it is hardly surprising that the records were verified by different people. No question of unreliability arises because different people had access to the records at various times. Thomas does not allege that the records were verified by someone not competent to do so. His allegation of error is without merit.
 
 III.
 
 9
 Thomas next alleges error in the district court's denial of his motion for acquittal. Thomas contends that there was insufficient evidence for any jury to find guilt beyond a reasonable doubt. Fed. R. Crim. P. 29(a). Denials of motions for acquittal are reviewed under a sufficiency of the evidence standard. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S. 1992). This Court reviews sufficiency of the evidence deferentially, inquiring whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 10
 Thomas's contention is that, because there was no proof that any of Thomas's actual statements to firearms dealers were false, he could not be convicted of making false statements to firearms dealers. The Government answers that Thomas was a straw purchaser, and thus, that his statements to the dealers that the guns were for his own use were false.
 
 
 11
 At trial the Government introduced evidence showing that Thomas purchased at least fifteen handguns during the spring of 1991. Further, the Government showed that the handguns were inexpensive and were of a type commonly resold to drug dealers. Further, the Government provided evidence that the guns were not collectors' items. Thomas contended at trial that the guns were purchased in his capacity as a gun collector and that he later had to sell them to pay off some unrelated debt.
 
 
 12
 It is the role of the fact finder to observe witnesses and weigh their credibility. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987). A fact finder's credibility determination is not disturbed on appeal, absent exceptional circumstances not present here. See Breeden v. Weinberger, 493 F.2d 1002, 1010 (4th Cir. 1974). The jury was entitled to find Thomas's testimony incredible and that of the Government's witness credible. Based on this credibility determination, there was ample evidence for the jury to find Thomas guilty of making false statement to a firearms dealer. The district court did not err in denying Thomas's motion for acquittal.
 
 IV.
 
 13
 Finally, Thomas assigns error to the district court's denial of his motion for new trial based on new evidence. Thomas contended below that the later firing of Officer McCollum for tampering with evidence in an unrelated case merited a new trial. Thomas contended that the officer's arrest wholly invalidated his testimony at trial and left the Government without a case, as it was McCollum who testified about Thomas's inculpatory statement in the police station. Thomas's contention is without merit.
 
 
 14
 Thomas's allegation that McCollum's testimony was the sole source of evidence regarding Thomas's admission is factually incorrect. Officer Santos, also present during the interview, also testified that Thomas admitted his involvement in the gun-running. Thus, even excluding McCollum's testimony, there was sufficient evidence to support Thomas's conviction, and he would not likely be acquitted in a new trial excluding McCollum's testimony. The district court expressly found that Thomas's new evidence failed to survive this Court's five-part test in Mills v. United States, 281 F.2d 736, 738 (4th Cir. 1960). See United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989) (all five prongs must be met to require new trial). The district court was correct. Having failed the ultimate prong of the Mills test, Thomas was not entitled to a new trial.[3] The district court did not err in denying the motion. Because Thomas's allegations of district court error are meritless, we affirm his conviction.
 
 AFFIRMED
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 This record was not actually entered into evidence, but Thomas noted the record as part of the alleged contradiction
 
 
 [3]
 Thomas's allegation that McCollum's delay in charging Thomas with the crime was evidence of a weakness in the case is specious. McCollum was without power to charge Thomas with any crime-that power lies with the state or federal district attorney