2 F.3d 1149
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Wilbert KIDD, Plaintiff-Appellant,
v.
COMMONWEALTH BOLT, INCORPORATED, d/b/a Commonwealth Mine
Supply, a foreign corporation, Defendant-Appellee.
 No. 93-1096.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 12, 1993.
Decided: August 13, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. David A. Faber, District Judge. (CA-92-150-5)
 Argued: David Gale Thompson, Pineville, West Virginia, for Appellant.
 James V. Meath, Williams, Mullen, Christian & Dobbins, Richmond, Virginia, for Appellee.
 On Brief: Charles B. Scher, Williams, Mullen, Christian & Dobbins, Richmond, Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Wilbert Kidd brought this action claiming that Commonwealth Bolt, Incorporated discriminated and retaliated against him for his receipt of, or his attempt to receive, workers' compensation benefits, in violation of W. Va. Code Sec. 23-5A-1 (1985) and W. Va. Code Sec. 23-5A-3(a) (Supp. 1992). Following trial, the jury returned a verdict in favor of Kidd in the amount of $40,000. Thereafter, Commonwealth Bolt moved for judgment as a matter of law and, alternatively, for a new trial pursuant to Federal Rule of Civil Procedure 50(b). The district court granted Commonwealth Bolt's motion for judgment as a matter of law, holding that Kidd had failed to present sufficient evidence to sustain the verdict. In the alternative, the court granted a new trial, reasoning that it had erred in instructing the jury based on Sec. 235A-3(a) because a charge on that section was not supported by the evidence. Kidd appeals.
 
 
 2
 A plaintiff must prove three elements to establish a prima facie case of discrimination under Sec. 23-5A-1:
 
 
 3
 (1) an on-the-job injury was sustained; (2) proceedings were instituted under the Workers' Compensation Act, W. Va. Code Sec. 23-1-1, et seq.; and (3) the filing of a workers' compensation claim was a significant factor in the employer's decision to discharge or otherwise discriminate against the employee.
 
 
 4
 Powell v. Wyoming Cablevision, Inc., 403 S.E.2d 717, 721 (W. Va. 1991). There is no dispute that in 1989 Kidd was injured on the job in an automobile accident and that he filed for, and received, workers' compensation benefits. The district court concluded, however, that Kidd failed to produce any evidence that the past filing of the workers' compensation claim, or that the prospect of a future filing of a workers' compensation claim, significantly motivated Commonwealth Bolt's employment decision with respect to Kidd.
 
 
 5
 In reviewing the grant of judgment as a matter of law, this court must view the evidence in the light most favorable to Kidd in order to determine if the evidence is sufficient to sustain the verdict. See Persinger v. Norfolk & W. Ry. Co., 920 F.2d 1185, 1187 (4th Cir. 1990). A careful review of Kidd's arguments and the evidence to which he points in support of his claim that the evidence was sufficient to support the verdict leads us to conclude that the district court correctly entered judgment as a matter of law in favor of Commonwealth Bolt. We affirm the judgment based on the reasoning of the district court. Inasmuch as we arrive at this conclusion, we do not reach the question of the propriety of the alternative grant of a new trial.
 
 AFFIRMED