48 F.3d 1215
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Lucille Miller BROWN, Executrix of the Estate of Paul
Miller, deceased, Plaintiff-Appellant,
v.
Stuart E. BROWN, M.D.; Thomas C. Iden, M.D.; Terry S.
Slayman, M.D.; Winchester Medical Center,
Incorporated, Defendants-Appellees.
Lucille Miller Brown, Executrix of the Estate of Paul
Miller, deceased, Plaintiff-Appellee,
v.
Thomas C. Iden, M.D., Defendant-Appellant,
and
Stuart E. Brown, M.D.; Terry S. Slayman, M.D.; Winchester
Medical Center, Incorporated, Defendants.
Lucille Miller Brown, Executrix of the Estate of Paul
Miller, deceased, Plaintiff-Appellee,
v.
Stuart E. Brown, M.D.; Winchester Medical Center,
Incorporated, Defendants-Appellants,
and
Thomas C. Iden, M.D.; Terry S. Slayman, M.D., Defendants.
Lucille Miller Brown, Executrix of the Estate of Paul
Miller, deceased, Plaintiff-Appellee,
v.
Terry S. Slayman, M.D., Defendant-Appellant,
and
Stuart E. Brown, M.D.; Thomas C. Iden, M.D.; Winchester
Medical Center, Incorporated, Defendants.
 Nos. 94-1055, 94-1108, 94-1102, 94-1107.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 26, 1994.
Decided March 14, 1995.
 
 Before LUTTIG and WILLIAMS, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Lucille Miller Brown, appeals the entry of summary judgment against her in this medical malpractice diversity case. The district court found all of appellant's proffered expert witnesses unqualified to testify under the standards established by Virginia statute and entered summary judgment in favor of the defendants. Finding no abuse of discretion on the part of the district court, we affirm.
 
 I.
 
 2
 In Virginia, the admission of expert testimony in medical malpractice cases is governed by statute. Section 8.01-581.20 of the Virginia Code requires that an expert witness be familiar with the statewide standard of care in order to be qualified as an expert. In relevant part, the statute provides that
 
 
 3
 [a]ny physician who is licensed to practice in Virginia shall be presumed to know the statewide standard of care in the specialty or field of medicine in which he is qualified and certified. This presumption shall also apply to any physician who is licensed in some other state of the United States and meets the educational and examination requirements for licensure in Virginia. An expert witness who is familiar with the statewide standard of care shall not have his testimony excluded on the ground that he does not practice in the Commonwealth.
 
 
 4
 Va.Code Ann. Sec. 8.01-581.20 (Michie 1992).
 
 
 5
 In interpreting section 8.01-581.20, the Virginia Supreme Court has stated that "[i]n light of the statutory language, in order for a doctor to qualify as an expert witness in a [malpractice] case ... he must show that he is 'familiar' with the Virginia standard of care." Henning v. Thomas, 366 S.E.2d 109, 112 (Va.1988). It is not enough for an expert to demonstrate familiarity with the national standard of care, for Henning held that the statute "adopt[s] a statewide standard and implicitly reject[s] a national standard." Id.
 
 
 6
 We review the district court's decision to exclude the testimony of an expert witness for an abuse of discretion. Persinger v. Norfolk & Western Ry. Co., 920 F.2d 1185, 1187 (4th Cir.1990).
 
 II.
 
 7
 Plaintiff proffered three expert witnesses: Dr. Sidney Cohen, an Assistant Professor of Cardiology at the University of Pennsylvania; Dr. Charles W. Sheppard, a practitioner of Emergency Medicine in Missouri; and Dr. William S. Miller, a family practitioner in Jefferson County, West Virginia. None of the experts ever practiced in Virginia, nor were they licensed to practice in Virginia. Although each expert could have qualified for licensure in Virginia, and thus were presumptively qualified under the statute to testify regarding the Virginia standard of care, the defendants elicited substantial testimony at deposition demonstrating that each expert was not sufficiently familiar with the Virginia standard of care to qualify under the statute.
 
 
 8
 As the district court properly found, Dr. Cohen failed to demonstrate any familiarity with the Virginia standard of care. Dr. Cohen testified that "[i]n the state of Virginia,[the standard of care is] virtually identical to that of almost the rest of the United States." J.A. at 1486. However, Dr. Cohen admitted that he had knowledge of the standard of care in Virginia "[o]nly as [it is] reflected as in other states and the trends that are occurring in general in medicine." J.A. at 1487. In addition, Dr. Cohen has never treated a patient in Virginia, has never practiced medicine in a Virginia hospital, and has never been licensed to practice medicine in Virginia. J.A. at 1483-85.
 
 
 9
 Dr. Sheppard's deposition testimony also revealed an unfamiliarity with the Virginia standard of care. Dr. Sheppard is not licensed to practice in Virginia, has never examined a patient in Virginia, and has never practiced medicine in Virginia. J.A. at 1653-54. Nor has he ever written a prescription in Virginia, examined a patient within 100 miles of Virginia, or had hospital privileges in Virginia. J.A. 1654-56. His most significant contact with the practice of medicine in Virginia came during an aborted attempt to relocate his practice in Virginia in 1982 or 1983. J.A. at 1656.
 
 
 10
 Finally, Dr. Miller's testimony raised significant questions about his familiarity with the Virginia standard of care, as well. Like Dr. Cohen, Dr. Miller testified to a familiarity with a national standard of care, J.A. at 1265-66, but presented no evidence that he had any familiarity with the Virginia standard of care. Dr. Miller has had only limited contact with Virginia doctors, J.A. at 1348-49, and stated at deposition that "I cannot imagine a situation where I would be really involved with the care of a patient in a Virginia hospital." J.A. at 1357.
 
 
 11
 Despite this strong evidence that plaintiff's three experts were unfamiliar with the Virginia standard of care, plaintiff did nothing to substantiate her claim that the doctors possessed the requisite familiarity. The district court therefore acted well within its discretion in excluding plaintiff's three experts.
 
 III.
 
 12
 Because exclusion of these witnesses left plaintiff with no expert testimony regarding the standard of care, the district court granted summary judgment in defendants' favor. Finding no error on the part of the district court, we affirm.
 
 AFFIRMED