48 F.3d 1215
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Roberta J. BRYANT, Plaintiff-Appellant,
v.
William PERRY, Secretary of Defense, Defendant-Appellee,
and
U.S. DEPARTMENT OF DEFENSE, Dependents Schools; Richard
Saddlemire, Principal; Patricia Matthews,
Assistant Principal, Defendants.
 No. 94-1545.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1995.
Decided March 15, 1995.
 
 Before WILLIAMS and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Roberta J. Bryant appeals from the district court's orders entering judgment on the jury verdict and denying her motion for a new trial in her employment discrimination case. Our review of the record and the district court's opinion discloses no abuse of discretion and that this appeal is without merit.
 
 
 2
 We find no abuse of discretion in the district court's evidentiary rulings, see Persinger v. Norfolk & W. Ry., 920 F.2d 1185, 1187 (4th Cir.1990), nor in the court's limitation of the time for Bryant's summation to the jury. See Herring v. New York, 422 U.S. 853, 862 (1975). Although the challenged jury instruction did not track the language of St. Mary's Honor Ctr. v. Hicks, 61 U.S.L.W. 4782, 4784 (U.S.1993),* we find that any error in the district court's modification of Bryant's proposed jury instruction was harmless. See Fed.R.Civ.P. 61. We additionally conclude that the verdict was clearly supported by the evidence presented at trial. Herold v. Hajoca Corp., 864 F.2d 317, 319-21 (4th Cir.1988), cert. denied, 490 U.S. 1107 (1989). Accordingly, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.
 
 
 
 *
 "[A] reason cannot be proved to be 'a pretext for discrimination ' unless it is shown both that the reason was false, and that discrimination was the real reason." Hicks, 61 U.S.L.W. at 4786 (emphasis in original)