**Robert G. TILTON, an individual, Plaintiff,**

v.

**CAPITAL CITIES/ABC INC., a New York corporation; et al., Defendants.**

**No. 92–C–1032–BU.**

United States District Court, N.D. Oklahoma.

May 26, 1995.

752

Shelia Miller Bradley, Ted J. Nelson, J.C. Joyce, John C. Joyce, Tulsa, OK, for plaintiff.

Harvey D. Ellis, Jr., Clyde A. Muchmore, Anton J. Rupert, Oklahoma City, OK, Cheryl L. Cooper, Tulsa, OK, Floyd Abrams, Susan Buckley, David G. Januszewski, Edward P. Krugman, New York City, for defendants.

## ORDER

BURRAGE, District Judge.

By letter dated September 21, 1994, Plaintiff requested this Court to enter an Order finding that Plaintiff may use Dr. Marilyn A. Lashner as his expert witness in this case. In the letter, Plaintiff's counsel stated that Plaintiff would offer Dr. Lashner as an expert linguist. Defendants, by letter dated October 12, 1994, objected to Plaintiff's request.

At a hearing held on October 26, 1994, the Court requested Plaintiff to submit the report of his proposed expert, Dr. Lashner, along with authority to show that Dr. Lashner's opinions or testimony would be admissible under Rules 702, 703 and 704 of the Federal Rules of Evidence. By letter dated December 9, 1994, Plaintiff submitted the requested report and authority. Defendants responded to Plaintiff's submission by letter dated January 17, 1995. The Court, having reviewed the submitted materials, now makes its determination in regard to the admission of Dr. Lashner's testimony.

Plaintiff's counsel, in the September 21, 1994 letter, states that Dr. Lashner, as a linguist, will be used to identify and explain how certain rhetorical devices or patterns of speech convey implicit meanings. She will then testify how the use of words, patterns of words, the position of words, the taking of words out of context and the placing of words with visual presentation, were used by Defendants to convey meanings to the viewing public. Dr. Lashner will testify as to the meanings expressed and implied in the *PrimeTime Live* broadcasts, how the average viewer was likely to understand the broadcasts, the implying of defamatory facts by Defendants and Defendants' knowledge of falsity of the facts and implied facts presented to the viewing audience. Plaintiff's counsel states, in his letter of December 9, 1994, that Dr. Lashner's testimony is admissible under Rule 702 because content analysis is a recognized and scientifically valid research technique and testimony based upon content

analysis will assist the jury in determining what the average viewer saw or would infer from a one time viewing of the *PrimeTime Live* broadcasts. Plaintiff's counsel points out that several courts have permitted testimony from linguist experts in similar cases. Furthermore, Plaintiff's counsel states that Dr. Lashner's testimony is admissible under Rule 704 even though it embraces the ultimate issue in this case.

Defendants' counsel, in the letters of October 12, 1994 and January 17, 1995, states that Defendants object to the testimony of Dr. Lashner on three grounds. Defendants' counsel states that Dr. Lashner proposes to instruct the jury as to the common meaning of ordinary words which is not beyond the common knowledge of the ordinary juror and will not assist the jury in understanding or determining a fact in issue. Defendants' counsel also states that Dr. Lashner proposes to instruct the jury as to the subjective state of mind of Defendants in making the broadcasts of which Dr. Lashner has no personal knowledge. Defendants' counsel further states that Dr. Lashner proposes to offer testimony that is misleading and confusing and therefore more prejudicial than probative. Defendants' counsel states that admission of Dr. Lashner's testimony has been flatly rejected by two federal district courts as well as by the Oklahoma Court of Appeals.

█ Upon review, the Court finds that Dr. Lashner's testimony should be excluded from trial. Federal Rule of Evidence 702 authorizes the admission of expert testimony that "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Although expert testimony is generally presumed to be helpful to jurors, courts have excluded expert testimony under Rule 702 on matters within the common knowledge of jurors. *Jetcraft Corp. v. Flight Safety Intern.*, 16 F.3d 362, 366 (10th Cir.1993); *Persinger v. Norfolk & Western Railway Co.*, 920 F.2d 1185, 1188 (4th Cir.1990). In the instant case, the Court concludes that Dr. Lashner's proposed testimony relates to matters within the common

knowledge of an average juror. Similar to the courts in *World Boxing Council v. Cosell,* 715 F.Supp. 1259 (S.D.N.Y.1989), and *Winship v. McCurtain County News, Inc.,* 21 Med.L.Rptr. 2026 (Ok.Ct.App.1993) (unpublished),[1] the Court finds that Dr. Lashner's testimony would not assist the jurors in reaching a determination as to whether Plaintiff was defamed or placed in a false light by the *PrimeTime Live* broadcasts. In the Court's view, the jury is clearly capable of determining what the average viewer from a one time viewing understood as expressed or implied by the *PrimeTime Live* broadcasts in regard to Plaintiff.

█ In addition, the Court concludes that Dr. Lashner's testimony in regard to the issue of actual malice should be excluded as it would not assist the jury in performing its task of determining what Defendants' subjective state of mind was in making the subject broadcasts. This same conclusion was reached by the Oklahoma Court of Appeals in *Winship* and *Cosell.* In *Winship,* the Oklahoma Court of Appeals in excluding Dr. Lashner's testimony on a defendant's state of mind stated:

> "we cannot see how expert testimony sheds any light on the second element which deals with the mental state of the defendants. This too fails to present an issue where special skills or knowledge are needed to understand the facts and draw a conclusion from them." 21 Med.L.Rptr. at 2027.

The Court likewise is persuaded that special knowledge is not necessary to determine Defendants' subjective state of mind in making the *PrimeTime Live* broadcasts.

Furthermore, the Court concludes that even if Dr. Lashner's testimony would assist the jury in making a determination of the relevant issues in this case and would be probative on those issues, the Court concludes that the testimony should be excluded under Rule 403, Fed.R.Evid., on the basis that the testimony would be confusing to the jury, would be a waste of time and would be unfairly prejudice to Defendants. *See, Co-*

---

1. Although the Oklahoma Court of Appeals' unpublished opinion does not have precedential value, *see,* Okla.Stat. tit. 20, § 30.5, the Court finds it to be persuasive.

*sell,* 715 F.Supp. at 1264–65; *Brueggemeyer v. American Broadcasting Companies, Inc.,* 684 F.Supp. 452, 465 (N.D.Tex.1988).

Based upon the foregoing, the Court finds that Plaintiff's request to use Dr. Lashner as an expert witness in this case should be and is hereby DENIED. As the Court has found that Dr. Lashner's testimony would not be admissible into evidence, the Court finds that Defendants' Motion to Strike the Affidavit of Marilyn A. Lashner, PH.D. (Docket Entry # 297) should be and is hereby GRANTED.