UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHRISTOPHER W. NYGREN,
Plaintiff-Appellant,

v.

No. 95-2001

WILLIAM J. PERRY, Secretary of
Defense,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-94-915-A)

Submitted: October 29, 1996

Decided: November 18, 1996

Before HALL and MOTZ, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David H. Shapiro, SWICK & SHAPIRO, P.C., Washington, D.C., for
Appellant. Helen F. Fahey, United States Attorney, Rachel C. Ballow,
Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christopher W. Nygren brought suit under Title VII, 42 U.S.C.A. § 2000e (West 1994), against his former employer, Defense Systems Management College (College), alleging that he was terminated due to discrimination on account of his religion and his wife's religion and national origin and suffered resulting retaliation. The jury found in favor of the College on the discrimination claim, and Nygren now appeals that verdict. For the reasons discussed below, we affirm.

At trial, the College called Nygren's wife, Denise, to testify. Nygren objected, but the court permitted the testimony. The College subsequently called former College Commandant General Cabell to impeach Ms. Nygren. Following his testimony, Nygren moved to strike the testimony of both witnesses. The court denied the motion. After the jury found in favor of the College on the discrimination charge, Nygren moved for a new trial, citing the above testimony. The court also denied that motion.

Nygren first contends that the district court erred in permitting the College to impeach Denise Nygren with the testimony of General Cabell. Citing Fed. R. Evid. 608(b), he maintains that the College impermissibly impeached Ms. Nygren with extrinsic evidence on an issue collateral to the main issue at trial. We review a district court's evidentiary and procedural rulings for abuse of discretion. Persinger v. Norfolk & W. Ry., 920 F.2d 1185, 1187 (4th Cir. 1990); Gill v. Rollins Protective Servs., 836 F.2d 194, 196 (4th Cir. 1987).

Nygren's first contention lacks merit because the testimony of Denise Nygren addressed the central issue in the case and was not a collateral matter. When called to the stand by the College, Ms. Nygren testified about a conversation she had with General Cabell, the former Commandant of the College. She stated that in the course

2

of a conversation about her husband's trouble at the College, Cabell warned her that there was anti-Semitism at the College and that certain colleagues would not accept a dinner invitation to her Jewish home. Cabell subsequently testified that he had no recollection of that conversation, and was not aware of anti-Semitism at the College during his tenure there.

Cabell's testimony concerning anti-Semitism on campus was entirely permissible because it goes to the heart of Nygren's discrimination claim. We have held that "Rule 608(b) should not be read so broadly as to disallow the presentation of extrinsic evidence that is probative of a material issue in a case." United States v. Smith Grading & Paving, 760 F.2d 527, 531 (4th Cir.), cert. denied, 474 U.S. 1005 (1985). Interfering with the admission of such extrinsic evidence would be inconsistent with "the goal of ascertaining the truth in judicial proceedings." Id. Certainly the issue of anti-Semitism on campus raised in Denise Nygren's testimony was central to the issue of the College's motives for terminating her husband. Consequently, the district court properly exercised its discretion in allowing Cabell's contradictory testimony.

Nygren also maintains that the district court erred in permitting the College to call Denise Nygren to the stand as a witness in its case. He contends that the College should not have been permitted to call her because it failed to list her as a witness and summarize her testimony in response to an interrogatory asking the College to identify all non-expert or fact witnesses. Further, Nygren points out that the court's scheduling order states that witnesses who have not been identified in response to a proper request would not be permitted to testify. He maintains that the court should have sanctioned the College pursuant to Fed. R. Civ. P. 26 & 37 for not identifying Ms. Nygren as a witness.

The power to impose sanctions for failure to comply with court orders regarding discovery is discretionary with the district court. Wilson v. Volkswagen of Am., 561 F.2d 494, 503 (4th Cir. 1977), cert. denied, 434 U.S. 1020 (1978). A review of the circumstances in this case makes it clear that the district court did not abuse its discretion in permitting the defense to call Ms. Nygren as a witness.

3

First, Ms. Nygren ceased testifying for her husband in tears and was permitted to step down subject to recall. When the court allowed the College to call her in its case, it strictly limited her testimony to relevant issues. In addition, the College's explanation for not answering the interrogatory was not unreasonable. It viewed Ms. Nygren, rightly or wrongly, as an impeachment witness and thus did not feel compelled to list her in response to the interrogatory. Moreover, the College did include her in its pre-trial witness list. Her expected testimony, it turned out, was based upon information she had provided in an affidavit submitted by Nygren in response to a motion for summary judgment. Nothing in the record suggests the College was attempting to hijack the case through an intentional deception. Finally, the testimony was directly relevant to Nygren's allegations. The district court thus acted properly within the bounds of its discretion in permitting the testimony at trial.

Accordingly, we affirm the jury's verdict in favor of the College. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED