**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JUDITH L. MCCLOSKY; SHAWN
RICHARD MCCLOSKY, SR.,
Plaintiffs-Appellants,

v.

PRINCE GEORGE'S COUNTY,
MARYLAND,

No. 95-2913

Defendant-Appellee,

and

PARRIS N. GLENDENING; DAVID
MITCHELL; JOHN MOSS; GERALD
SPECK,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, Magistrate Judge.
(CA-93-2369-DKC)

Argued: October 30, 1996

Decided: December 18, 1996

Before WILKINSON, Chief Judge, and WILKINS and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gerald Solomon, LAW OFFICE OF GERALD SOLO-
MON, P.A., Greenbelt, Maryland, for Appellants. Jay Heyward

Creech, Upper Marlboro, Maryland, for Appellee. **ON BRIEF:** James D. Milko, Harisha J. Bastiampillai, LAW OFFICE OF GERALD SOLOMON, P.A., Greenbelt, Maryland, for Appellants. John A. Bielec, Upper Marlboro, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Judith L. McClosky brought this action alleging that Prince George's County, Maryland unlawfully discriminated against her because of her gender when it did not select her for a position with the K-9 Unit in the Special Operations Division of the Prince George's County Police Department. See 42 U.S.C.A. § 2000e-2 (West 1994). A jury returned a verdict in favor of Prince George's County.**1** McClosky contends on appeal that the district court erroneously limited the testimony of her expert witness. We affirm.

I.

McClosky, a youth services investigator for the Prince George's County Police Department, applied for a transfer to the K-9 Unit. A board consisting of five police officers was formed to interview the candidates for positions in the K-9 Unit. The board ranked the applicants and submitted the rankings to the bureau chief, who reviewed

_____

**1** McClosky also brought a joint claim with her husband for loss of consortium under Virginia law. The jury returned a verdict in favor of Prince George's County on this claim, and the McCloskys appeal it as well. Additionally, McClosky sought to recover against Prince George's County and various other defendants for age discrimination and intentional infliction of emotional distress; these causes of action are not at issue on appeal.

2

the list and approved the top four applicants for transfer into the K-9 Unit. Of the 36 applicants who were interviewed by the board, McClosky, the only female candidate, was ranked 17th.

At trial, McClosky called Dr. Michael Tiktinsky as an expert witness in psychology and statistics. Tiktinsky testified that a statistical analysis of the hiring practices of the Special Operations Division revealed a pattern of discrimination against women. Tiktinsky also testified regarding the proper procedure for conducting a nondiscriminatory evaluation of employment applicants. He reviewed the ratings system used to rank candidates for the K-9 Unit and concluded that the interview process was subjective and therefore provided board members who were inclined to discriminate with an opportunity to do so. The district court, however, refused to let Tiktinsky testify that the interview process was "invalid" because it allowed board members to ask the candidates subjective questions.

## II.

McClosky argues that the district court erred in refusing to allow Tiktinsky to testify that the ranking process employed by the board was not valid, precluding her from showing that the process was merely a pretext for discrimination. After a careful review of the record, we discern no abuse of discretion by the district court. Persinger v. Norfolk & W. Ry. Co., 920 F.2d 1185, 1187 (4th Cir. 1990) (explaining that we review evidentiary rulings on expert testimony for abuse of discretion). We note that, in fact, the district court allowed Tiktinsky to criticize at length the ranking method used by the board. We do not perceive how allowing Tiktinsky to make the simple declaration that the selection process used by the board was "invalid" would have added to the substance of his testimony.[2]

_____

[2] McClosky generally complains that the ruling of the district court precluded Tiktinsky from "attacking" the validity of the interview process; however, she failed to proffer Tiktinsky's proposed testimony. Thus, to the extent McClosky intended that Tiktinsky "attack" the validity of the interview process beyond offering the conclusory opinion that the interview process was "invalid," she failed to preserve the issue for review. Fed. R. Evid. 103(a)(2); United States v. Clements, 73 F.3d 1330, 1336 (5th Cir. 1996).

3

McClosky also argues that the failure of the district court to allow Tiktinsky to testify regarding the validity of the interview process was error because it prevented her from showing that Prince George's County had engaged in a pattern and practice of discrimination against women over time. We disagree. McClosky's argument is undercut by the fact that she was permitted to present expert testimony that the selection ratio of women to men by the Special Operations Division evidenced a "pattern and practice" of discrimination against women. Moreover, pattern and practice evidence has little, if any, relevance in an individual disparate treatment action such as this one. See Gilty v. Village of Oak Park, 919 F.2d 1247, 1252 (7th Cir. 1990).

We have considered McClosky's other arguments and conclude that they are without merit. Accordingly, we affirm the judgment of the district court.

AFFIRMED