**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SUZANNE JUDE; GERALDINE HATFIELD,
Plaintiffs-Appellants,

v.

HEALTH MANAGEMENT ASSOCIATES OF

No. 97-1486

WEST VIRGINIA, INCORPORATED, a
West Virginia corporation, d/b/a
Williamson Memorial Hospital,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CA-94-1101-3, CA-95-1017-3)

Argued: April 9, 1998

Decided: August 9, 1999

Before WIDENER and LUTTIG, Circuit Judges,
and DOUMAR, Senior United States District Judge
for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Andrew Apostile Raptis, Charleston, West Virginia, for
Appellants. Stephen Douglas Adkins, MUNDY & ADKINS, Hun-

tington, West Virginia, for Appellee. **ON BRIEF:** Amy C. Crosson, MUNDY & ADKINS, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal was taken after a jury trial in which the jury returned a special verdict in favor of the defendant, Health Management Associates of West Virginia, Inc., d/b/a Williamson Memorial Hospital. More specifically, the plaintiffs, Suzanne Jude and Geraldine Hatfield, contend that the district court erred by admitting a certain hearsay statement into evidence. We agree that the statements in question were hearsay. Nevertheless, we affirm because 28 U.S.C. § 2111 so requires, and the error was harmless.

Miss Jude and Mrs. Hatfield were employees of Williamson Memorial Hospital, but were discharged for copying patient medical records and taking them out of the Emergency Room, in violation of hospital policy. They filed separate law suits alleging wrongful discharge. The cases were consolidated, and a jury trial was held in December 1996.

At trial, the defendant presented the testimony of three witnesses who saw or participated in the events in question. Bonita Barker testified that she was talking on the telephone and saw Miss Jude take patient medical records out of the cabinet where they are stored. She further testified that she watched Miss Jude carry the records to the copying machine and copy them. Miss Barker testified that after the records were copied, Miss Jude placed them in a green folder and took them to a room outside of the Emergency Room where Mrs. Hatfield was waiting. Finally, Miss Barker testified that she saw Miss Jude give the folder to Mrs. Hatfield.

2

Nora Artis testified that she witnessed Miss Jude at the copying machine with Mrs. Hatfield standing alongside. She also testified that she saw Miss Jude copy records, place them in a green folder, and hand the green folder to Mrs. Hatfield.

Nancy Stanley, another hospital employee, testified that Mrs. Hatfield had requested that she copy a patient record to demonstrate that nurses aides were signing patient medical records.

The testimony in question is only a small part of that of John Coker, an officer of the defendant. Coker testified that Lynn Hatfield, a hospital employee and daughter-in-law of plaintiff Hatfield, approached him fearing that she might lose her job. He testified that she told him that "she was getting ready to come to work one morning, and [Mrs. Geraldine Hatfield, who] is her next door neighbor, came and got in her car and told [Lynn Hatfield] that, `If I get fired, you do too, because you remember the records, the folder you brought home from the office that one day had patient records in them.'" The plaintiffs objected to this testimony. The district court, however, admitted the testimony upon defense counsel's representation that it was not offered for the truth of the matter asserted.

After the close of the evidence, the case was submitted to the jury. The jury returned a verdict in favor of the defendant. Plaintiffs moved for a new trial, and such motion was denied. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review such evidentiary rulings of a district court for abuse of discretion. See Persinger v. Norfolk & Western Ry., 920 F.2d 1185, 1187 (4th Cir. 1990). In addition, we may affirm the district court's denial of a motion for a new trial if the admission of the evidence, even if an abuse of discretion, constituted harmless error. 28 U.S.C. § 2111; Brinkley-OBU v. Hughes Training, Inc., 36 F.3d 336, 355-56 (4th Cir. 1994). The burden of proving that the error is harmless rests on the party that benefited from the district court's error, in this case the defendant. Brinkley-OBU, 36 F.3d at 356.

Under the Federal Rules of Evidence, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted." Fed. R. Evid.

3

801(c). The defendant in this case claims that the district court properly admitted Coker's statement because it had independent legal significance. Statements that possess independent legal significance are not offered for their truth and consequently are not hearsay. Wigmore On Evidence § 1770. In the most general terms, statements of independent legal significance form "a part of the details of the issue under the substantive law and the pleadings," which is to say that the underlying action necessarily involves utterances. Wigmore On Evidence § 1770. The most common examples are words of contract, marriage promise, notice, insurance proofs and defamation. Wigmore On Evidence § 1770.

The defendant contends that the statement had independent legal significance because it was the fact that the conversation occurred that made it probative. The statement of Lynn Hatfield to Coker, and presented as evidence by Coker, does not possess any independent legal significance because the legal action at bar does not involve utterances; the only question was whether the plaintiffs violated positive rules of employment. Indeed, the fact that the conversation occurred is not probative of any issue at trial; the truth of the statement is what accounts for its probative value. The statement in this case is nothing more than old-time hearsay, and admitting the evidence was an abuse of discretion.

Having determined that the statement in question is hearsay, we now consider its impact. Section 2111 of Title 28 provides that "[o]n the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties." 28 U.S.C. § 2111; see also Fed. R. Civ. Pro. 61 ("No error in the admission or the exclusion of evidence . . . is grounds for granting a new trial . . . unless refusal to take such action appears to the court inconsistent with substantial justice."). Thus, under Section 2111, we must affirm the denial of the motion for a new trial, despite the admission of hearsay evidence at trial, if such admission was harmless.

We are of opinion that the admission of the hearsay statement of Lynn Hatfield to Coker is harmless error. The record is replete with evidence upon which a jury could reasonably find that Miss Jude and

4

Mrs. Hatfield had violated hospital policy by copying patient records and removing them from the Emergency Room. The testimony of both Miss Barker and Miss Artis support such a conclusion by the jury. Additionally, their testimony is buttressed by the testimony of Miss Stanley that on another occasion Mrs. Hatfield had asked her to copy patient medical records.

The testimony of the three hospital employees who testified they either saw the copying in question or talked to Mrs. Hatfield about copying patient records consists of some 76 pages in the appendix. We have read all of that testimony. In addition, we have read substantially all of the testimony of the two hospital administrators involved, Coker and Staton. The disputed testimony, taking Mrs. Hatfield's view, would tend to corroborate the position of the hospital, but it is of small significance compared to the detailed testimony of the three witnesses who testified they either saw the copying or spoke to Mrs. Hatfield about the copying. We say "With fair assurance, after pondering all that happened without stripping the erroneous act from the whole, that the judgment was not substantially swayed by the error." Kotteakos v. United States, 328 U.S. 750, 765 (1946), and we conclude that substantial rights were not affected.

The judgment of the district court is accordingly

AFFIRMED.

5