**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARK E. MAY,
<u>Plaintiff-Appellant,</u>

v.

RICHARD J. STAHL; DIXON, SMITH &
STAHL,
<u>Defendants-Appellees.</u>

No. 95-2371

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-94-1408-A)

Argued: June 5, 1996

Decided: June 27, 1996

Before WILLIAMS and MOTZ, Circuit Judges, and CURRIE,
United States District Judge for the District of South Carolina,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Louis Raymond Paulick, Fairfax, Virginia, for Appellant.
John Otto Easton, JORDAN, COYNE & SAVITS, Fairfax, Virginia,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark E. May brought this diversity action against Richard J. Stahl and his law firm, Dixon, Smith & Stahl, alleging legal malpractice. Following a one and a half day trial, the jury returned a verdict in favor of the defendant attorneys. May now appeals two evidentiary rulings -- the district court's pre-trial ruling excluding a handwriting expert witness and the district court's ruling during trial excluding the testimony of a legal ethics expert. We affirm.

I.

May first contends that the district court erred in affirming a magistrate judge's ruling denying him an extension of time to comply with the court's scheduling order. The scheduling order required that the identities of expert witnesses be disclosed at least thirty days prior to the pretrial conference and that all experts' reports be submitted before the close of discovery. May failed to submit his handwriting expert's report within the stated time period, but moved for an extension of time in which to do so. The magistrate judge denied this relief. When appealing this ruling to the district court, May acknowledged that the handwriting expert's report had not yet been prepared and that counsel had been unable to contact the expert, who was then out of the country and could not be reached. The district court concluded that the magistrate judge's ruling was not clearly erroneous.

On appeal, May argues that the district court erred in affirming the denial of an extension of time in which to comply with the scheduling order. We review the district court's evidentiary rulings under an abuse of discretion standard. Persinger v. Norfolk & W. Ry. Co., 920 F.2d 1185, 1187 (4th Cir. 1990). A district court is afforded "substantial discretion in managing discovery . . . ." Lone Star Steakhouse & Saloon v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

2

The scheduling order was consistent with Fed. R. Civ. P. 26(a)(2)(B) and (C), which provide for disclosure of expert reports "at the times and in the sequence directed by the court." If a party fails to disclose information required under Rule 26(a), that party "shall not . . . be permitted to use as evidence at a trial, at a hearing, or on a motion any witness not so disclosed." Fed. R. Civ. P. 37(c)(1). The district court had discretion to exclude reports that were not timely filed in accordance with its scheduling order and with Fed. R. Civ. P. 26(a)(2)(B).

II.

May also argues that the district court erred in excluding the cumulative testimony of another expert witness. The witness, Mr. Tague, a professor at Georgetown Law School, was scheduled to testify regarding the conflict of interest of the defendant attorneys. The court had already heard similar testimony from another expert witness, Mr. Harrison. Before Mr. Tague was to testify, the district court warned against the use of cumulative testimony. Although the court did not prohibit Mr. Tague from testifying, it stated:

> I'm not going to listen to your other expert tell me the same thing that Mr. Harrison has. If he's got something new that he's going to say, fine, but I'm not going to listen to this twice about the conflict of interest and what he should have done.

There was no abuse of discretion in the court's attempt to limit cumulative testimony. It is well established that relevant evidence may be excluded "if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. See also United States v. Hernandez, 975 F.2d 1035, 1041 (4th Cir. 1992); Bostick Oil Co., Inc. v. Michelin Tire Corp., Com. Div., 702 F.2d 1207, 1221 (4th Cir.), cert. denied, 464 U.S. 894 (1983).

AFFIRMED

3