**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARGARET JENSVOLD, M.D.,
Plaintiff-Appellant,

v.

No. 96-1964

DONNA E. SHALALA, SECRETARY OF
HEALTH AND HUMAN SERVICES,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-90-3123-DKC)

Submitted: January 27, 1998

Decided: March 30, 1998

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Margaret Jensvold, Appellant Pro Se. Kathleen McDermott, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Margaret Jensvold, M.D., appeals from the district court's final order dismissing her employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-2(a) (West 1994). Jensvold alleged discrimination on the basis of her gender and retaliation. Jensvold also appeals the district court's pre-trial dismissal of her claim of sexually hostile work environment.

Our review of the record and the district court's opinions discloses that this appeal is without merit. As a preliminary matter, we affirm the district court's dismissal of Jensvold's claim of sexually hostile work environment on the reasoning of the district court. Jensvold v. Shalala, No. CA-90-3123-DKC (D. Md. Mar. 29 & May 3, 1996).

We next address Jensvold's appeal of the district court's dismissal under Fed. R. Civ. P. 52(a), of the remainder of her claims. It is the function of the trial judge under Rule 52(a) to make findings of fact which will not be set aside unless clearly erroneous. See Tidewater Equip. Co. Inc., 650 F.2d 503, 507 (4th Cir. 1981). Findings of discrimination, discriminatory intent, and causation are findings of fact. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (discrimination); Pullman-Standard v. Swint, 456 U.S. 273, 287-90 (1982) (discriminatory intent). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson, 470 U.S. at 574. Nor will this Court second-guess the district court's determinations as to the credibility of witnesses. See Murdaugh Volkswagen, Inc. v. First Nat'l Bank of S.C., 801 F.2d 719, 725 (4th Cir. 1986). We reject Jensvold's claims on appeal that the district court's ultimate finding of nondiscrimination, which was based in large part on credibility determinations, was clearly erroneous.

2

We find that while the district court's dismissal of Jensvold's claims arising from Appellee's post-employment conduct on the basis of this Court's decision in <u>Robinson v. Shell Oil Co.</u>, 70 F.3d 325 (4th Cir. 1995) (en banc), was in error,* such error was rendered harmless by the court's determination of Jensvold's post-employment Title VII claims on the merits. Such adverse determination was not clearly erroneous. <u>See Anderson</u>, 470 U.S. at 573.

We similarly reject Jensvold's claims of judicial bias, <u>see In re Beard</u>, 811 F.2d 818, 827 (4th Cir. 1987), and abuse of discretion as to the district court's evidentiary rulings. <u>See Persinger v. Norfolk & W. Ry.</u>, 920 F.2d 1185, 1187 (4th Cir. 1990). The disposition of this appeal renders a determination of Jensvold's claim regarding the constitutionality of Title VII remedies unnecessary. Finally, to the extent Jensvold raised other claims not specifically addressed here, we find such claims to be without merit. We therefore affirm the district court's order dismissing Jensvold's case pursuant to Rule 52(a) on the reasoning of the district court.

We grant Appellee's motion to strike Jensvold's appendix, which contains affidavits and other documents which are not part of the record in the action in the district court. <u>See</u> Federal Rule of Appellant Procedure 10(a).We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____
*We note that the Supreme Court's decision in <u>Robinson</u>, 117 S. Ct. 843 (1997), was rendered while this case was pending on appeal. Hence, the district court's reliance on this court's decision in <u>Robinson</u> in dismissing Jensvold's post-employment Title VII claims was not misplaced.

3