**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4445**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD BOGGS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:22-cr-00221-CMC-1)

Submitted:  February 15, 2024                    Decided:  March 18, 2024

Before WYNN, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard E. Boggs, Appellant Pro Se.  John C. Potterfield, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Boggs appeals from his tax evasion convictions. On appeal, he raises various challenges. We affirm.

## I.

Boggs first argues that the district court lacked jurisdiction over him because, as a South Carolina "native," he is not within the territorial jurisdiction of the United States. This claim is "completely without merit and patently frivolous." *United States v. Mundt,* 29 F.3d 233, 237 (6th Cir. 1994).

## II.

We review the denial of a motion for judgment of acquittal de novo. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we decide whether there is substantial evidence to support the conviction when viewed in the light most favorable to the government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (cleaned up). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

In order to sustain a conviction under 26 U.S.C. § 7201 for tax evasion, the Government must prove three elements beyond a reasonable doubt: the existence of a tax

2

deficiency, willfulness, and an affirmative act of evasion or attempted evasion of the tax. *See Sansone v. United States*, 380 U.S. 343, 351 (1965). Willfulness, in this context, means a voluntary, intentional violation of a known legal duty. *See Cheek v. United States*, 498 U.S. 192, 201 (1991). A belief, in good faith, that one has complied with the tax laws negates willfulness and is therefore a defense, even if the belief is unreasonable. In other words, the Government must demonstrate that Boggs did not have a subjective belief, however irrational or unreasonable, that he was compliant with tax laws. *See id.* at 201-02. The underlying issue is whether "the defendant was aware of the duty at issue." *Id.* at 202. As such, a jury is free to consider evidence showing a defendant's awareness of the relevant provisions of the tax code, of court decisions rejecting his interpretation, and of IRS forms and instructions making defendant's claims untenable. *Id.*

Boggs asserts that he believed that no tax liability accrued with regard to his wages. Specifically, he claims that the tax laws, and in particular 26 U.S.C. § 83(a),[1] permit a taxpayer to deduct the fair market value of their labor from their wages.

We find that the Government presented more than sufficient evidence to show that Boggs was aware of his duty to pay taxes on his wages and was aware that the IRS rejected his interpretation of § 83(a). Specifically, a criminal investigator for the IRS, testified at trial that the IRS sent Boggs six notices that certain of his filings, including a tax return, were frivolous. With regard to the return, Boggs was informed that he should correct the

---

[1] 26 U.S.C. § 83(a) describes the calculation of income when property is received by a service provider in connection with their performance of services.

3

return or face penalties, and he was directed to a publication explaining why he was required to pay taxes. The agent further testified that he personally informed Boggs that his withholdings were not proper and that he was required to file tax returns. Boggs himself testified that he had informed the IRS of his stance on § 83(a) and his related arguments. While he admitted that he received letters back telling him that his arguments were frivolous, such did not change his opinion. Boggs also admitted that, as a result of his lawsuits, at least one court had told him that he was subject to taxes. Boggs conceded that he was familiar with an IRS bulletin that rejected his interpretation of § 83(a). This evidence was sufficient to show willfulness, and the jury was well within its purview to reject Boggs' argument that he was acting in good faith.[2]

## III.

Boggs next asserts that his attorney was ineffective for failing to object to the Government's expert's testimony regarding the meaning of § 83(a). He also avers that his attorney was ineffective for failing to introduce evidence or make post-trial motions as requested, forcing Boggs to do so himself. Claims of ineffective assistance are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Generally, a defendant

---

[2] Boggs also argues that the Government failed to show an affirmative act that constituted an evasion of tax payments. However, as just one example, Boggs submitted W-4 forms falsely stating that he was exempt. While he asserts that, given his understanding of the law, he did not believe he was falsely filing, the evidence described above was sufficient to show that Boggs knew his claim that he was exempt was in conflict with the IRS's interpretation of the relevant law.

should instead raise ineffectiveness claims in a 28 U.S.C. § 2255 motion to permit sufficient development of the record. *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003). Because the record does not conclusively show ineffective assistance, Boggs' assertions of ineffective assistance are not cognizable on direct appeal.

IV.

Finally, Boggs asserts that the district court erred by permitting the Government's expert to be recalled in order to testify regarding a book that Boggs stated he relied upon. We review a district court's evidentiary and procedural rulings for abuse of discretion. *Persinger v. Norfolk & W. Ry.*, 920 F.2d 1185, 1187 (4th Cir. 1990). Because Boggs does not explain why recalling the expert was error, he has failed to show an abuse of discretion.

Based on the foregoing, we affirm Boggs' convictions. We dispense with oral arguments because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*